UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re HOME POINT CAPITAL INC. SECURITIES LITIGATION | Civil Action No.: 2:21-cv-11457-SDK-KGA<br><br>Judge Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman<br><br>**Oral Argument Requested** |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

DYKEMA GOSSETT PLLC

Andrew J. Kolozsvary (P68885)
400 Renaissance Center
Detroit, MI 48243
(313) 568-6800
akolozsvary@dykema.com

SIMPSON THACHER & BARTLETT LLP

Jonathan K. Youngwood
Craig S. Waldman
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
cwaldman@stblaw.com

Karen M. Porter
900 G Street NW
Washington, DC 20004
(202) 636-5500
karen.porter@stblaw.com

*Attorneys for Defendants Home Point Capital Inc., William A. Newman, Mark E. Elbaum, Agha S. Khan, Stephen A. Levey, Eric L. Rosenzweig, Andrew J. Bon Salle, Laurie S. Goodman, Timothy R. Morse, Stone Point Capital LLC, Trident VI, L.P., Trident VI Parallel Fund, L.P., Trident VI DE Parallel Fund, L.P., and Trident VI Professionals Fund, L.P.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT ..............................................................................................................1

I.      PLAINTIFF HAS FAILED TO STATE A SECTION 11 CLAIM ................1

        A.      Plaintiff Has Not Identified Any Actionable Misstatement or Omission....................................................................................................1

        B.      Alleged Misstatements Are Inactionable Puffery and Forward-Looking Statements....................................................................................3

        C.      Plaintiff Cannot Establish Loss Causation ...........................................6

II.     PLAINTIFF HAS FAILED TO STATE A CLAIM FOR CONTROL PERSON LIABILITY ............................................................................7

CONCLUSION ...........................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Azzolini v. Corts Tr. II for Provident Fin. Tr. I*,
2005 WL 3448053 (E.D. Tenn. Dec. 14, 2005) ...................................................6

*City of Omaha Police & Fire Ret. Sys. v. Evoqua Water Techs. Corp.*,
450 F. Supp. 3d 379 (S.D.N.Y. 2020) ...............................................................5

*Hutchison v. Deutsche Bank Sec. Inc.*,
647 F.3d 479 (2d Cir. 2011) .............................................................................4

*In re SuperCom Inc. Sec. Litig.*,
2018 WL 4926442 (S.D.N.Y. Oct. 10, 2018)....................................................5

*J & R Mktg., SEP v. Gen. Motors Corp.*,
549 F.3d 384 (6th Cir. 2008) .........................................................................4, 7

*Jiangchen v. Rentech, Inc.*,
2017 U.S. Dist. LEXIS 222743 (C.D. Cal. Nov. 20, 2017) ..............................5

*Miller v. Champion Enters., Inc.*,
346 F.3d 660 (6th Cir. 2003) ............................................................................6

*Nat'l Junior Baseball League v. Pharmanet Dev. Grp. Inc.*,
720 F. Supp. 2d 517 (D.N.J. 2010).....................................................................7

*Pension Fund Grp. v. Tempur-Pedic Int'l, Inc.*,
614 F. App'x 237 (6th Cir. 2015) ......................................................................6

*Rombach v. Chang*,
355 F.3d 164 (2d Cir. 2004) ..............................................................................5

*Stein v. U.S. Xpress Enters.*,
2020 U.S. Dist. LEXIS 114686 (E.D. Tenn. June 30, 2020) .............................3

*Wallace v. Sys. & Comput. Tech. Corp.*,
1996 WL 195382 (E.D. Pa. Apr. 19, 1996).......................................................3

*Wandel v. Jing Gao*,
2022 U.S. Dist. LEXIS 45099 (S.D.N.Y. Mar. 14, 2022)..................................2

*Zwick Partners LP v. Quorum Health Corp.*,
    2019 U.S. Dist. LEXIS 54810 (M.D. Tenn. Mar. 29, 2019) ................................2

**Statutes**

15 U.S.C. § 77k(a) .........................................................................................1, 2

**Other Authorities**

SEC Staff Accounting Bullet No. 99 .......................................................................4

## PRELIMINARY STATEMENT

When Plaintiff's investment did not turn out as it hoped, Plaintiff cries "fraud" despite, among other deficiencies, the fact that (i) Home Point disclosed the very risks Plaintiff claims materialized; (ii) the alleged misstatements were puffery or forward-looking statements that other courts have held no reasonable investor would have relied upon; and (iii) the allegedly "corrective" statements Plaintiff points to revealed no new information.  Having failed to plead the requisite primary liability under Section 11, Plaintiff's control person claims also fail.

## ARGUMENT

## I.  PLAINTIFF HAS FAILED TO STATE A SECTION 11 CLAIM

### A. Plaintiff Has Not Identified Any Actionable Misstatement or Omission

Plaintiff must allege facts establishing that Home Point's Offering Documents either (i) contained a false statement of material fact; or (ii) omitted a material fact necessary to make an affirmative statement not misleading.  *See* 15 U.S.C. § 77k(a). Plaintiff does neither.

#### 1.  Home Point Disclosed the Risks Plaintiff Claims Materialized

Home Point's Offering Documents contained extensive risk disclosures covering the risks of rising costs and of potential interest rate fluctuations.  *See* Br. at 12–14.  These disclosures are not "generic" (Opp. at 12); they correspond directly to "the gravamen of Plaintiff's lawsuit."  *Zwick Partners LP v. Quorum Health Corp.*, 2019 U.S. Dist. LEXIS 54810, at *28 (M.D. Tenn. Mar. 29, 2019).

1

Plaintiff's claim that Home Point "expected" an increase in interest rates is simply not supported by the allegations: Plaintiff quotes a statement by Home Point's CFO on May 6, 2021 that described the effects Home Point "expected" on its business *after* interest rates had risen. This quote says nothing about Home Point's expectations regarding whether interest rates would rise or fall at the time of the IPO, more than three months earlier. Only statements that were misleading at the time of the IPO can give rise to liability. *See* 15 U.S.C. § 77k(a). Plaintiff also offers no plausible reason why Home Point would have expected higher interest rates sooner than the Federal Reserve itself. *See* Br. at 17; *cf. Wandel v. Jing Gao*, 2022 U.S. Dist. LEXIS 45099, at *22 (S.D.N.Y. Mar. 14, 2022) (no obligation to disclose "knowledge" about impact and spread of COVID-19 because the complaint "does not plausibly allege that [issuer] knew anything more about COVID-19 than the general public did"). Plaintiff's reliance on cases where an issuer knew of events that had already transpired but were described as contingencies (Br. at 13–14) is therefore misplaced.

## 2. Plaintiff's Item 303 and Item 105 Claims Fail

Plaintiff's Item 303 and Item 105 claims necessary fail because Plaintiff has not alleged with specificity that Defendants knew of any purported trend affecting Home Point's business at the time of the IPO. *See* Br. at 16–17. Plaintiff's reliance on a case in which an issuer failed to disclose expenses "deliberately incurred and

planned" in the past is irrelevant; here, Plaintiff attempts to allege a failure to disclose a theoretical inability to limit costs in response to *unplanned* changes in market conditions *in the future*.  *See* Opp. at 21 (citing *Wallace v. Sys. & Comput. Tech. Corp.*, 1996 WL 195382 (E.D. Pa. Apr. 19, 1996)); Compl. ¶ 73.  Plaintiff must do more to make its Item 303 claim.  *See Stein v. U.S. Xpress Enters.*, 2020 U.S. Dist. LEXIS 114686, at *76 (E.D. Tenn. June 30, 2020) (dismissing Item 303 claim where plaintiffs failed to "plead any specific facts relating to [defendants'] knowledge at the time of the IPO").  Plaintiff's Item 303 and 105 claims also fail because the events it alleges are not a "trend" requiring disclosure.  *See* Br. at 18.

### B. Alleged Misstatements Are Inactionable Puffery and Forward-Looking Statements

Home Point's statements regarding its "highly leverageable," "scalable," and "flexible" cost structure (¶ 50) are quintessential inactionable puffing statements.  *See* Br. at 19–21.  Plaintiff does not dispute that these terms may be immaterial to investors, yet claims that they were material in the overall context of the Offering Documents. Opp. at 16–17.  Not so.  Plaintiff's Complaint does nothing more than point to "loosely optimistic" statements that "lack[] a standard against which a reasonable investor could expect the [representations] to be pegged." *J & R Mktg., SEP v. Gen. Motors Corp.*, 549 F.3d 384, 396 (6th Cir. 2008).  Plaintiff also cites analyst reactions (Opp. at 17) as purported evidence of materiality, but it is well-established that "[c]onsideration of potential market reaction to disclosure of a[n

3

alleged] misstatement is by itself too blunt an instrument to be depended on in considering whether a fact is material." *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011) (quoting SEC Staff Accounting Bullet No. 99).

Plaintiff further points to inactionable forward-looking statements, including that Home Point "*believe[d]* the scalability of [its] partner-driven business model will produce . . . increased profitability," and "*expect[ed]* that [its] commitment to efficient operations . . . will allow [it] to compete successfully across market cycles." Compl. ¶ 50 (emphases added); *see also id.* ¶ 51.[1]  Plaintiff's assertion that PSLRA safe harbor protection is not available in the context of an IPO is simply wrong. "[C]ourts have long protected forward-looking statements, even those made in connection with an IPO, under the bespeaks-caution doctrine." *City of Omaha Police & Fire Ret. Sys. v. Evoqua Water Techs. Corp.*, 450 F. Supp. 3d 379, 396 (S.D.N.Y. 2020); *see also Rombach v. Chang*, 355 F.3d 164, 178 (2d Cir. 2004) ("[T]he registration statement and prospectus in question are protected by the bespeaks caution doctrine and by the safe harbor provision of the PSLRA.").

---

[1]     Plaintiff's unsupported argument that Defendants have "waived" opposition to certain alleged misstatements (Opp. at 18) has no merit.  It is Plaintiff who seeks to retroactively expand or alter his Complaint by adding emphasis to previously unbolded language and de-emphasizing previously bolded language purportedly identifying misstatements in the Offering Documents. *See* Opp. at 5–6.  Defendants should not be left guessing as to the nature of Plaintiff's claims through Plaintiff's imprecise pleadings. *Cf. Jiangchen v. Rentech, Inc.*, 2017 U.S. Dist. LEXIS 222743, at *20 (C.D. Cal. Nov. 20, 2017) (plaintiff's "inconsistent use of emphasis" to identify alleged misstatements warranted dismissal as a "puzzle pleading").

Moreover, contrary to Plaintiff's claim (Opp. at 19), these forward-looking statements do not address some existing fact. Instead, they "merely say[] that, whatever the present situation is, it makes the future projection attainable," and "the present-tense portion of [such a] statement is too vague to be actionable apart from the future projection." *In re SuperCom Inc. Sec. Litig.*, 2018 WL 4926442, at *21 (S.D.N.Y. Oct. 10, 2018). Home Point's forward-looking statements would also be inactionable even if they discussed in part existing circumstances. While courts "have denied safe-harbor protection when defendants' risk disclosures treat currently existing conditions as mere possibilities, they have done so only where the warnings clearly misrepresented facts" because doing otherwise would deny protection even where a "trend had not yet affected [the] bottom line." *Pension Fund Grp. v. Tempur-Pedic Int'l, Inc.*, 614 F. App'x 237, 244–45 (6th Cir. 2015).

Home Point's forward-looking statements were also accompanied by robust risk disclosures, including regarding "increased costs as a result of . . . significantly expanding existing business activities or strategies." Br. at 22. Plaintiff repeats that these disclosures were "generic." Opp. at 20. But an issuer is "not required to detail every facet or extent of [a] risk to have adequately disclosed the nature of the risk." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 678 (6th Cir. 2003). Here, Home Point's risk disclosures match the "gravamen" of Plaintiff's Complaint and address the exact risks that allegedly materialized. *See supra* page 2.

## C. Plaintiff Cannot Establish Loss Causation

Contrary to Plaintiff's claim, courts readily dismiss Securities Act claims at the motion to dismiss stage where, as here, the lack of loss causation "is apparent on the face of the complaint." *Azzolini v. Corts Tr. II for Provident Fin. Tr. I*, 2005 WL 3448053, at *5 (E.D. Tenn. Dec. 14, 2005).  Loss causation is absent here because the Company's statements on May 6 did not "correct" any alleged misstatement or omission.  Br. at 22–24.  Mr. Elbaum's statements about "expected" effects of rising interest rates do not speak to any Defendant's expectations at the time of the IPO. *Id.* at 24; *supra* page 2.  Investors also knew well before the allegedly "corrective" disclosures on May 6 that the bulk (two thirds) of Home Point's costs were fixed. Br. at 23.  Moreover, management explained that "total expenses in the first quarter of [2021] were essentially flat versus last quarter despite the fact that our funded volumes increased 23% during that same time frame" (Ex. 7 at 6), demonstrating the accuracy of disclosures about Home Point's scalable cost structure.

Plaintiff also cannot state a claim for any decline in Home Point's stock price after May 6.  Br. at 24–25.  Plaintiff claims that analysts continued to report on Home Point's May 6 disclosures in subsequent days, but that is not *new* information to the market. *See id.*; *Nat'l Junior Baseball League v. Pharmanet Dev. Grp. Inc.*, 720 F. Supp. 2d 517, 561 n.34 (D.N.J. 2010) ("To the extent [analyst] reports merely provided more details about the public disclosures, they are insufficient to establish

loss causation.").

## II. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR CONTROL PERSON LIABILITY

Plaintiff has withdrawn his claim for control person liability under Section 15 against then-director candidates Ms. Goodman and Mr. Morse. Opp. at 25. Plaintiff's control person claim against the remaining Defendants fails given the lack of primary liability under Section 11. *See J & R*, 549 F.3d at 398.

## CONCLUSION

Plaintiff's Complaint should be dismissed in its entirety and with prejudice.

Dated: April 11, 2022

DYKEMA GOSSETT PLLC

/s/ *Andrew J. Kolozsvary*
Andrew J. Kolozsvary (P68885)
400 Renaissance Center
Detroit, MI 48243
(313) 568-6800
akolozsvary@dykema.com

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood
Craig S. Waldman
Karen M. Porter
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
cwaldman@stblaw.com
karen.porter@stblaw.com

*Attorneys for Defendants*

4891-7477-3531.1

7