UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| In re HOME POINT CAPITAL INC. SECURITIES LITIGATION | Civil Action No.: 4:21-cv-11457<br><br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |

**STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL DOCUMENTS OR INFORMATION**

IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiff Abdulaziz Jamar Johar Al-Johar, and Defendants, Home Point Capital Inc., William A. Newman, Mark E. Elbaum, Agha S. Khan, Stephen A. Levey, Eric L. Rosenzweig, Andrew J. Bon Salle, Laurie S. Goodman, Timothy R. Morse, Stone Point Capital LLC, Trident VI, L.P., Trident VI Parallel Fund, L.P., Trident VI DE Parallel Fund, L.P., and Trident VI Professionals Fund, L.P. (each of whom individually is referred to herein as a "Party," and collectively, the "Parties"), upon a showing of good cause in support of the entry of a protective order in accordance with Fed. R. Civ. P. 26(c) to control the discovery and dissemination of alleged confidential or alleged proprietary information (the "Order"), that:

1.      This Order shall apply to confidential or proprietary business or personal documents or information, documents or information that implicate

common law or statutory privacy interests, or other information deemed confidential under applicable case law interpreting FRCP 26(c)(1)(G) that have been designated as "Confidential" in this case ("Confidential Material").

2.     Confidential Material shall not be disclosed or used for any purpose except for trial or other proceedings, or the preparation for trial or other proceedings, in the above-captioned case, and will not be used in any other litigation or disclosed to any third party except as otherwise specified herein. This Protective Order is not intended to preclude any Party from using its own Confidential Material for any purpose.

3.     Confidential Material shall not, without the consent of the party or non-party producing it or further order of the Court, be disclosed, except that Confidential Material may be disclosed to:

(a)     attorneys of the Parties actively working on this case;

(b)     persons regularly employed or associated with the attorneys of the Parties actively working on this case whose assistance is required in trial or other proceedings, or the preparation for trial or other proceedings, in this case;

(c)     the Parties;

(d)   persons regularly employed or associated with the Parties, to the extent such disclosure is necessary for trial, other proceedings, or preparation for trial or other proceedings in this case;

(e)   Professional vendors whose duties and responsibilities require access to Confidential Material;

(f)   expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for proceedings in this case including preparation for trial and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   the Court and any other court to which this lawsuit is appealed or transferred, and the personnel of any such courts;

(h)   mediators, facilitators and case evaluators;

(i)   professional jury or trial consultants and mock jurors whose duties and responsibilities require access to Confidential Material;

(j)   relevant employees of any insurer to a Party;

(k)   court reporters and videographers, and their respective staffs whose duties and responsibilities require access to Confidential Material;

(l)    deponents or witnesses, and their counsel; and

(m)    other persons by written agreement of the parties.

Confidential Material must be securely stored and maintained by a receiving party in a manner that ensures that access is limited to the persons authorized under this Order.

4.    The protections conferred by this Order cover not only Confidential Material (as defined above), but also: (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, compilations, or other documents or media (*e.g.*, electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of Confidential Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveal Confidential Material.

5.    Documents shall be designated as "Confidential Material" by placing or affixing on them (in a manner that will not interfere with their legibility) either of the following notices: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL."  If timely corrected, an inadvertent failure to designate qualified information or items does not waive the designating party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     All persons who receive Confidential Material shall be advised by counsel of the terms of this Order and informed that they are subject to the terms and conditions of this Order prior to disclosure.

7.     Whenever a deposition involves the disclosure of Confidential Material, the deposition or portions thereof shall be designated as "Confidential" and shall be subject to the provisions of this Protective Order. Parties or testifying persons or entities may also designate all or portions of depositions and other testimony with the appropriate designation on the record during the deposition, or after the deposition by providing written notice of the designation to all counsel of record within thirty (30) days of receipt of the final transcript of the testimony, or as otherwise agreed by the Parties.  Any transcript  shall be treated during that 30-day period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed.  Counsel for any producing Party shall have the right to exclude from oral depositions any person who is not authorized by this Order to receive or access Confidential Material based on the designation of such Confidential Material.

8.     A party may object to the designation of Confidential Material at any time prior to the final pre-trial conference in this action by giving written notice to the party or non-party designating the disputed documents or information as Confidential Material. The written notice shall specifically identify the documents or information to which the objection is made. The parties shall thereafter meet and

- 5 -

confer in good faith and attempt to resolve the challenge without Court intervention. If the parties (and, if applicable, the producing non-party) cannot resolve the objection, the party or non-party challenging the "Confidential" status shall bring the dispute before the Court consistent with the procedures outlined by the Court for such discovery disputes.  In the event that such a motion is made, any disputed Confidential Material shall be treated as Confidential Material under the terms of this Protective Order until the Court rules on the motion.

9.      Confidential Material may be filed with the Court to support motions or other matters related to the litigation if counsel for the filing party either redacts all Confidential Material or files under seal. Documents may only be filed under seal pursuant to a motion under Local Rule 5.3.

10.     The inadvertent production of documents, electronically stored information, or other information, by a party or non-party, that the producing party or non-party believes in good faith is subject to a claim of attorney-client privilege, attorney work product protection or any other ground upon which production of such information may be lawfully withheld from any party is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

11.     The terms of this Order are applicable to information produced and designated as "CONFIDENTIAL" by a non-party in this action.  Such information

produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order.

12.     In the event that any party receives a third-party subpoena or other form of legal process requesting Confidential Material in this case, the party receiving such request will (a) provide the party or non-party that produced such Confidential Material written notice that such a request was received as soon as possible (but no later than five (5) days from receipt) and provide a copy of the request with the written notice; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other proceeding that some or all of the material covered by the subpoena or order is subject to this Order (which notification shall include a copy of this Order); and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Material may be affected.  If the designating party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has received the designating party's permission.

13.     After final disposition of this case (*i.e.*, the latter of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions,

applications for extension of time, or repleading pursuant to applicable law), unless other arrangements are mutually agreed upon by all parties, each party that received Confidential Material shall, within thirty (30) days of a written request to do so, return such Confidential Material to the party or non-party that designated it as "Confidential" or shall destroy such Confidential Material, and shall certify in writing that it has done so. Notwithstanding the foregoing, the parties and their counsel may retain copies of attorney work-product and briefs, pleadings, and other papers filed with or sent to the Court that incorporate, append, or refer to Confidential Material, with such papers remaining subject to the terms and conditions of this Order.

14. Any document designated as "Confidential" when produced will remain protected unless the parties (and, if applicable, the producing non-party) agree in writing to remove the designation, or as otherwise ordered by the Court.

15. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, the receiving party must promptly (a) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential Material; and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order;

- 8 -

and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

16. This Order may be amended by written stipulation of the parties, or by the Court for good cause shown upon notice to all counsel and an opportunity to be heard.

17. This Order is without prejudice to the right of any party to contest the admissibility, discoverability, or privileged status of any document or information.

18. Within thirty (30) days after entry of this Order and subject to the procedures set forth in this Order, any party or non-party may designate as "Confidential" any documents or information produced prior to the entry of this Order.

19. The terms of this Order shall not terminate at the conclusion of this action.

IT IS SO ORDERED.

Dated: March 24, 2023

s/Kimberly G. Altman
Kimberly G. Altman
United States Magistrate Judge

Agreed and stipulated to by:

| | |
|---|---|
| */s/ Andrew J. Kolozsvary* | */s/ Jonathan Zweig(w/consent)* |
| Andrew J. Kolozsvary (P68885) | Jonathan Zweig |
| DYKEMA GOSSETT PLLC | Chad Johnson |
| 400 Renaissance Center | Ana Avalos Cuellar |
| Detroit, MI 48243 | ROBBINS GELLER RUDMAN & |
| (313) 568-6800 | DOWD LLP |
| akolozsvary@dykema.com | 420 Lexington Avenue, Suite 1832 |
| | New York, NY 10170 |
| Jonathan K. Youngwood | (212) 432-5100 |
| Craig S. Waldman | jzweig@rgrdlaw.com |
| SIMPSON THACHER & | chadj@rgrdlaw.com |
| BARTLETT LLP | aavalos@rgrdlaw.com |
| 425 Lexington Avenue | |
| New York, NY 10017 | *Lead Counsel for Lead Plaintiff and* |
| (212) 455-2000 | *the Class* |
| jyoungwood@stblaw.com | |
| cwaldman@stblaw.com | |
| | Thomas C. Michaud (P42641) |
| | Francis E. Judd (P68857) |
| Karen M. Porter | VANOVERBEKE, MICHAUD & |
| 900 G Street NW | TIMMONY, P.C. |
| Washington, DC 20004 | 79 Alfred Street |
| (202) 636-5500 | Detroit, MI 48201 |
| karen.porter@stblaw.com | (313) 578-1200 |
| | tmichaud@vmtlaw.com |
| | fjudd@vmtlaw.com |
| *Counsel for Defendants* | |
| | *Local Counsel for Lead Plaintiff and* |
| | *the Class* |

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND
CERTIFICATION**

I, _____, a _____ of

_____, hereby certify that I have read the attached Stipulated

Protective Order, dated _____.  I hereby agree to be bound by the terms

of the Stipulated Protective Order.

For purposes of enforcing the Stipulated Protective Order, I hereby agree to

be subject to the jurisdiction of the United States District Court for the Eastern

District of Michigan.  I understand that violation of the Stipulated Protective Order

may be punishable by contempt of court.


Signature:  _____


Dated:  _____