UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | | |
|---|---|---|
| In re HOME POINT CAPITAL INC. SECURITIES LITIGATION | ) ) ) | Civ. No. 4:21-cv-11457-SDK-KGA |

Judge Shalina D. Kumar
Magistrate Judge Kimberly G. Altman

CLASS ACTION

STIPULATION OF SETTLEMENT

This Stipulation of Settlement, dated September 14, 2023 (the "Stipulation"), is made and entered into by and among: (i) Abdulaziz Jamal Johar Al-Johar ("Plaintiff"), on behalf of himself and each Settlement Class Member,[1] by and through his counsel of record in the Litigation; (ii) defendant Home Point Capital Inc. ("Home Point" or the "Company"); (iii) defendants William A. Newman, Mark E. Elbaum, Agha S. Khan, Stephen A. Levey, Eric L. Rosenzweig, Andrew J. Bon Salle, Laurie S. Goodman, and Timothy R. Morse (the "Individual Defendants"); and (iv) defendants Stone Point Capital LLC, Trident VI, L.P., Trident VI Parallel Fund, L.P., Trident VI DE Parallel Fund, L.P., and Trident VI Professionals Fund, L.P. (collectively, "Defendants"), by and through their counsel of record in the Litigation.  The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Litigation and the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.    THE LITIGATION

This case, captioned *In re Home Point Capital Inc. Securities Litigation*, Civil Action No. 4:21-cv-11457 (E.D. Mich.) (the "Litigation"), is currently pending before the Honorable Shalina D. Kumar in the United States District Court for the Eastern District of Michigan (the "Court").  The initial complaint in the Litigation was filed on June 21, 2021.  On September 10, 2021, the Court appointed Abdulaziz Jamal Johar

---

[1]      All capitalized terms not otherwise defined shall have the meanings ascribed to them in §IV.1 herein.

4869-0522-4570.v2

Al-Johar as Lead Plaintiff and Lead Plaintiff's selected counsel, Robbins Geller Rudman & Dowd LLP, as Lead Counsel.

On November 9, 2021, Plaintiff filed the operative Amended Class Action Complaint ("Complaint"), alleging violations of §§11 and 15 of the Securities Act of 1933 (the "Securities Act").  More specifically, Plaintiff alleged that the offering documents associated with Home Point's January 29, 2021 initial public offering (the "IPO") (collectively, the "Offering Documents") included false and misleading statements that (i) Home Point's wholesale mortgage lending operations were low-cost and highly efficient, and (ii) misleadingly omitted Home Point's expectation that interest rates would increase and adversely affect the Company's wholesale margins. Plaintiff further alleged that, on May 6, 2021, Home Point announced its financial results for the first quarter of 2021, including disappointing margin and cost results. Plaintiff alleged that, as a result, Home Point's stock price fell nearly 18% on May 6, 2021, and continued to fall on May 7 and 10, 2021, causing damages to Plaintiff and other members of the class.

On January 10, 2022, Defendants moved to dismiss the Complaint.  On March 11, 2022, Plaintiff filed his opposition to Defendants' motion to dismiss.  On April 11, 2022, Defendants filed their reply brief.  On October 5, 2022, the Court granted in part and denied in part Defendants' motion.  The Court dismissed all allegations "relative to the statements surrounding interest rates and the impact they could have on Home

- 2 -

Point's margins and profitability."  ECF 39 at 10-11.  The Court further held that several allegedly misleading statements concerning the Company's costs were "non-actionable puffery."  *Id.* at 12.  The Court also held that other allegedly misleading statements concerning the Company's costs "cannot be deemed unactionable puffery and dismissal under Rule 12(b)(6) on these grounds is not appropriate." *Id.* at 12-13. Defendants answered the Complaint with respect to the remaining allegations on November 4, 2022.

On January 10, 2023, the parties filed their Rule 26(f) Joint Discovery Plan, and the parties filed an Amended Rule 26(f) Joint Discovery Plan on January 17, 2023. On February 3, 2023, the Court entered its Rule 16 Scheduling Order (Phase I).  Fact discovery was underway when the parties reached an agreement in principle to resolve the Litigation.

On March 15, 2023, Plaintiff moved to certify the class.  The motion remained pending when the parties reached an agreement in principle to resolve the Litigation.

On May 3, 2023, Plaintiff and Defendants participated in a voluntary confidential mediation with Gregory P. Lindstrom, Esq., of Phillips ADR, an experienced mediator.  The mediation was preceded by submission of mediation statements by the Settling Parties.  The Settling Parties engaged in good faith negotiations but did not reach a settlement at the mediation session.  The Settling Parties engaged in further discussions with Mr. Lindstrom and among themselves, and

4869-0522-4570.v2

on June 29, 2023, the Settling Parties executed a Settlement Term Sheet agreeing to settle the Litigation in return for a cash payment of $5,000,000 for the benefit of the Settlement Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.  This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement among the Settling Parties.

## II.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied, and continue to deny, that they violated the federal securities laws or any other law and maintain that their conduct was at all times proper and in compliance with all applicable laws.  Defendants have denied, and continue to deny, each and all of the claims and contentions alleged by Plaintiff in the Litigation, as well as any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Defendants continue to believe that the claims asserted against them in the Litigation are without merit.  Defendants expressly have denied, and continue to deny, that they have committed any act or made any false or misleading statements or omissions giving rise to any liability under the federal securities laws.  Defendants expressly have denied, and continue to deny, that they have committed any wrongdoing or violations of law as alleged at any point during the Litigation, and maintain that their conduct was at all times proper and in compliance with applicable provisions of law and applicable industry standards.  Defendants also have denied, and continue to deny, that they made or that the Offering Documents contained any

- 4 -

material misstatement or omission, that the prices of Home Point common stock were artificially inflated as a result, that any Settlement Class Member, including Plaintiff, suffered any damages, or that any Settlement Class Member, including Plaintiff, was harmed by any conduct alleged in the Litigation or that could have been alleged therein.  Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.   Defendants are nevertheless entering into this Settlement to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in a complex case such as this Litigation.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or constitute an admission, concession, or finding of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants are entering into this Stipulation solely to eliminate the burden, expense, and uncertainty of further litigation.  Defendants have determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.   PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiff and Lead Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted therein.   However, Plaintiff and Lead Counsel recognize and acknowledge the

expense and length of continued proceedings necessary to prosecute the Litigation through trial and through appeals.  Plaintiff and Lead Counsel also have taken into account the uncertain outcome and the risks of any litigation, especially in a complex action such as this Litigation, as well as the difficulties and delays inherent in this Litigation.  Plaintiff and Lead Counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation.  Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class.  Based on their own investigation and evaluation, Plaintiff and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Plaintiff and the Settlement Class.

## IV.  TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, without any concession by Plaintiff that the Litigation lacks merit, and without any concession by the Defendants or Defendants' Related Parties of any liability, wrongdoing, fault, or lack of merit in the defenses the Defendants asserted or could have asserted to all claims alleged in the Litigation, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff (on behalf of himself and the Settlement Class Members) and Defendants, by and through their respective undersigned counsel, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits

flowing to the parties from the Settlement, the Litigation and the Released Claims shall be finally, fully, and forever compromised, settled, released, resolved, relinquished, waived, and discharged, and the Litigation shall be dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

### 1.    Definitions

As used in this Stipulation, the following terms, when capitalized, have the meanings specified below:

1.1    "Authorized Claimant" means any Settlement Class Member who submits a valid Claim to the Claims Administrator that is accepted for payment pursuant to the Court-approved Plan of Allocation.

1.2    "Claim(s)" means a paper claim submitted on a Proof of Claim and Release form or an electronic claim that is submitted to the Claims Administrator.

1.3    "Claimant" means any Person that submits a Claim to the Claims Administrator in such form and manner, and within such time, as the Court shall prescribe.

1.4    "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.5    "Defendants" means, collectively, Home Point, William A. Newman, Mark E. Elbaum, Agha S. Khan, Stephen A. Levey, Eric L. Rosenzweig, Andrew J. Bon Salle, Laurie S. Goodman, Timothy R. Morse, Stone Point Capital LLC, Trident

VI, L.P., Trident VI Parallel Fund, L.P., Trident VI DE Parallel Fund, L.P., and Trident VI Professionals Fund, L.P.

1.6    "Defendants' Counsel" means Simpson Thacher & Bartlett LLP, and Dykema Gossett PLLC.

1.7    "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred or have been waived.

1.8    "Escrow Account" means the separate escrow account designated and controlled by Robbins Geller Rudman & Dowd LLP, subject to the Court's supervisory authority, into which the Settlement Amount has been deposited for the benefit of the Settlement Class.

1.9    "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor(s).

1.10    "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review.  Without limitation, an order or Judgment becomes final when either: (a) no appeal therefrom has been filed and the time has passed for any

notice of appeal to be timely filed therefrom; or (b) an appeal has been filed and either (i) the court of appeals has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or Judgment or affirmed the court of appeals' decision affirming the order or Judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement.  Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses, (ii) the Plan of Allocation (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' recognized Claims or paying said Claims, shall not in any way delay, affect, or preclude the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.11  "Judgment" means the Final Judgment Approving Class Action Settlement to be rendered by the Court, substantially in the form attached hereto as Exhibit B, as well as any form of final judgment that may be entered by the Court in a form other than the form attached hereto as Exhibit B and where none of the Settling

- 9 -

Parties elects to terminate this Settlement by reason of such variance, consistent with the terms of this Stipulation.

1.12 "Lead Counsel" means the law firm of Robbins Geller Rudman & Dowd LLP.

1.13 "Litigation" means the lawsuit filed in the United States District Court for the Eastern District of Michigan captioned *In re Home Point Capital Inc. Securities Litigation*, Civil Action No. 4:21-cv-11457-SDK-KGA (E.D. Mich.).

1.14 "Net Settlement Fund" means the Settlement Fund less: (i) any Court-awarded attorneys' fees, expenses, and interest thereon; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) other Court-approved deductions.

1.15 "Notice and Administration Expenses" means reasonable costs and expenses actually incurred in connection with providing notice of the Settlement by mail, email, publication, and other means, locating potential Settlement Class Members, assisting with the submission of Claims, processing Proof of Claim forms, administering the Settlement, and paying escrow taxes, fees, and costs, if any.

1.16 "Person(s)" means any individual, corporation (including all divisions and subsidiaries thereof), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, professional corporation, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any

- 10 -

political subdivision or agency thereof, and any business or legal entity, and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, agents, trustees, estates, or assignees when acting in their capacity as such.

1.17   "Plaintiff" means Abdulaziz Jamal Johar Al-Johar.

1.18   "Plaintiff's Counsel" means any attorney or firm who has appeared in the Litigation on behalf of any plaintiff or proposed class.

1.19   "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.   Any Plan of Allocation is not part of this Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.20   "Proof of Claim" means the Proof of Claim and Release form for submitting a Claim that a Settlement Class Member must complete and submit to the Claims Administrator in order to seek to share in a distribution of the Net Settlement Fund.  Subject to approval of the Court, the Proof of Claim shall be substantially in the form attached hereto as Exhibit A-2.

1.21   "Related Parties" means, with respect to each Defendant, as applicable, all of their respective past, present and future parents, subsidiaries, affiliates, directors, officers, general partners, managers, employees, insurers, attorneys, agents, immediate

- 11 -

family members, heirs, representatives, administrators, executors, devisees, legatees, and estates.  For avoidance of doubt, "Related Parties" includes, with respect to Home Point, Mr. Cooper Group, Inc.

1.22   "Released Claims" means any and all claims, demands, losses, rights, duties, obligations, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities, and causes of action of any nature and description whatsoever, whether known or unknown, contingent or non-contingent, mature or not mature, accrued or not accrued, concealed or hidden, or suspected or unsuspected, whether arising under federal, state, common, or foreign law, that have been or could have been asserted in the Litigation or could in the future be asserted in any forum, whether foreign or domestic, by Plaintiff, any Settlement Class Member, or (in their capacities as such) each of their respective predecessors, successors, assigns, heirs, representatives, administrators, executors, devisees, legatees, and estates, whether individual, class, direct, representative, on behalf of others, legal, equitable, or of any other type or in any other capacity, whether brought directly or indirectly against any of the Defendants or Released Defendant Parties, that arise out of, are based upon, or relate in any way to both (i) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions, involved, set forth, alleged, or referred to in the Litigation, or which could have been alleged in the Litigation, and (ii) the purchase, acquisition, holding, sale, or

disposition of any Home Point securities purchased or acquired in or traceable to Home Point's January 2021 IPO.  "Released Claims" does not include claims to enforce the Settlement, or the claims of any Person who validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.   "Released Claims" does not include any derivative or Employee Retirement Income Security Act of 1974 ("ERISA") claims.  "Released Claims" includes "Unknown Claims" as defined in ¶1.34 hereof.

1.23   "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Plaintiff, Plaintiff's Counsel, or any Settlement Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

1.24  "Released Defendant Party" or "Released Defendant Parties" or "Released Persons" mean each and all of Defendants, their Related Parties, and Defendants' Counsel.   The Released Defendant Parties, excluding Defendants themselves, are intended as third-party beneficiaries of this Settlement with respect to the release of the Released Claims, and Defendants are intended as direct beneficiaries of this Settlement with respect to the release of the Released Claims.

- 13 -

1.25   "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean each and every Settlement Class Member, Plaintiff, Plaintiff's Counsel, and, as applicable, each of their respective past, present and future parents, subsidiaries, affiliates, directors, officers, general partners, managers, employees, insurers, attorneys, agents, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates.   Releasing Plaintiff Parties does not include any Person who would otherwise be a Member of the Settlement Class but who has validly and timely excluded himself, herself, itself, or themselves therefrom in accordance with the requirements set by the Court in connection with the Settlement.

1.26   "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.27   "Settlement Amount" means Five Million U.S. Dollars (U.S. $5,000,000.00) paid by check or wire transfer to the Escrow Agent pursuant to ¶2.2 of this Stipulation.   The Settlement Amount includes all Notice and Administration Expenses, any attorneys' fees and expenses to Plaintiff's Counsel and awards to Plaintiff pursuant to 15 U.S.C. §77z-1(a)(4) (as allowed by the Court), Settlement Class Member benefits, and any other costs, expenses, or fees of any kind whatsoever associated with the Settlement.

1.28   "Settlement Class" means all Persons who purchased or otherwise acquired common stock in Home Point's IPO or purchased Home Point common

- 14 -

stock after the IPO and on or before June 21, 2021 in the stock market pursuant and/or traceable to the Company's Offering Documents issued in connection with the IPO, and were alleged to be damaged thereby. Excluded from the Settlement Class are Defendants, the officers and directors of the Company, members of the Individual Defendants' immediate families and their legal representatives, heirs, predecessors, successors or assigns, and any entity in which the officers and directors of the Company have or had controlling interest. Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely exclude themselves in accordance with the requirements set by the Court. For purposes of this Settlement only, the Settling Parties shall stipulate to the certification of the Settlement Class pursuant to FRCP 23(b)(3). The Defendants' stipulation to the certification of the Settlement Class is without prejudice to their right to contest class certification if the Settlement: (a) is not approved by the Court; (b) is terminated; or (c) fails to become effective for any reason.

1.29   "Settlement Class Member" or "Member of the Settlement Class" mean a Person who falls within the definition of the Settlement Class as set forth in ¶1.28 above.

1.30   "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

- 15 -

1.31    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.32    "Settling Parties" means, collectively, Defendants and Plaintiff, on behalf of himself and the Settlement Class.

1.33    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.34    "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, their, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Settlement Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of Plaintiff, the Settlement Class, and Plaintiff's Counsel, which, if known by him, her,

them, or it, might have affected his, her, their, or its settlement and release of Plaintiff, the Settlement Class, and Plaintiff's Counsel. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiff, the Settlement Class, and Plaintiff's Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. The Settling Parties acknowledge, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, acknowledged that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now

- 17 -

knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all

Released Defendants' Claims against Plaintiff, the Settlement Class, and Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## 2.   The Settlement

2.1   The obligations incurred pursuant to the Stipulation: (a) are subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) shall fully and finally dispose of the Litigation, and any and all Released Claims and Released Defendants' Claims upon and subject to the terms and conditions set forth herein.

### a.   The Settlement Amount

2.2   In full and final settlement of the claims asserted in the Litigation and in consideration of the releases specified in ¶¶4.1-4.4 herein, the Company has paid the

- 19 -

Settlement Amount within thirty (30) calendar days of June 29, 2023.  The Escrow Agent has deposited the Settlement Amount in the Escrow Account, and shall deposit any accrued interest in the Escrow Account.

2.3     The Settlement Amount is an all-in number, meaning it shall include, among other things, payment for all Plaintiff's Counsel's attorneys' fees, administration costs, expenses, class member benefits, costs of administration and notice, and reimbursement of Lead Plaintiff's time and expenses pursuant to the PSLRA, Notice and Administration Expenses, Taxes, as well as any other costs, expenses, or fees of any kind whatsoever associated with the resolution of this Litigation.  Other than the Company's obligation to pay or cause to be paid the Settlement Amount into the Settlement Fund set forth in ¶2.2 herein, the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Escrow Account, Settlement Fund, or Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Escrow Account, Settlement Fund, or Net Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Escrow Account, Settlement Fund, or Net Settlement Fund; (vi) the payment or withholding of any

Taxes, expenses, and/or costs incurred in connection with the taxation of the Escrow Account, Settlement Fund, or Net Settlement Fund or distributions or other payments from the Escrow Account, Settlement Fund, or Net Settlement Fund, or the filing of any federal, state, or local returns; or (vii) the payment of any other Notice and Administration Expenses.

2.4     Other than the Company's obligation to pay or cause the payment of the Settlement Amount in accordance with the terms of ¶2.2, the Released Defendant Parties shall have no obligation whatsoever to make any other payments into the Escrow Account or to the Settlement Class or any Settlement Class Member, or any other Person, under this Stipulation or as part of the Settlement.  There will be no responsibility on the part of the Individual Defendants to pay any portion of the Settlement Amount or pay any other amount in connection with the Settlement.

### b.     The Escrow Agent

2.5     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, or in money funds holding only instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.

The Escrow Agent shall maintain the Settlement Fund and/or the financial instruments in which the Escrow Agent invests the Settlement Amount in a separate account. All risks related to the investment of the Settlement Fund and Net Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Defendant Parties, their counsel, and their insurers shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for the investment decisions and actions of the Escrow Agent, including any transactions executed by the Escrow Agent.

2.6    The Escrow Agent shall not disburse the Settlement Fund or Net Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of Defendants' Counsel.

2.7    Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation. The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent. The Escrow Agent, through the Settlement Fund, shall indemnify and

- 22 -

4869-0522-4570.v2

hold each of the Released Defendant Parties and their counsel harmless for any transaction executed by the Escrow Agent.

2.8     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to this Stipulation and/or further order(s) of the Court.

2.9     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, upon the Court's entry of the Preliminary Approval Order, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants and/or order of the Court, Notice and Administration Expenses.

2.10    It shall be Lead Counsel's responsibility to disseminate the Notice, Proof of Claim, and Summary Notice to potential Settlement Class Members in accordance with this Stipulation and as ordered by the Court.  The Released Defendant Parties shall have no responsibility for or liability whatsoever with respect to the notice process or the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto, including any claims that may arise from any failure of the notice process.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any acts, omissions, or

- 23 -

determinations made in the notice process and any Notice and Administration Expenses.

### c.    Taxes

2.11    The Settling Parties agree as follows:

(a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1, and the other applicable Treasury Regulations from the earliest permitted date.   The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's order, or approved by the Court, within the meaning of Treas. Reg. §1.468B-1(c)(1).   In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.11, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.   Such elections shall be made in compliance with the procedures and requirements contained in Treas. Reg. §1.468B-1 and other applicable regulations.   It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation in order for the Settlement Fund to qualify as a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1 for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

- 24 -

(b)    For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and other applicable regulations, the "administrator" (as defined in Treas. Reg. §1.468B-2(k)(3)) of the Settlement Fund shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the elections described in ¶2.11(a) hereof) shall be consistent with this ¶2.11 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on any income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.11(c) hereof.

(c)    All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to any income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.11 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.11) ("Tax Expenses"), shall be paid

- 25 -

out of the Settlement Fund; in all events, the Released Defendant Parties and their counsel shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless from and against any Taxes, Tax Expenses, Taxes required to be withheld from any distribution from the Settlement Fund (including, without limitation, Taxes payable by reason of any such indemnification), and from any liabilities arising from the Escrow Agent's administration, payment, partial payment, or non-payment of any Taxes or Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Defendant Parties nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses, the withholding of any Taxes in connection with any distributions made from the Settlement Fund, or regarding the Escrow Agent's administration, payment, partial payment, or non-payment of any Taxes or Tax Expenses.  The Settling Parties hereto

- 26 -

agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.11.  For avoidance of doubt, the Released Defendant Parties and their counsel shall not be responsible for any Taxes or Tax Expenses arising out of the Settlement Fund.

2.12   This is not a claims-made settlement.  As of the Effective Date, the Released Defendant Parties, and/or any other Person funding the Settlement on their behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, except for under the circumstances specified in ¶2.13 hereof, and shall not have liability should Claims made exceed the amount available in the Settlement Fund for payment of such Claims.  The Released Defendant Parties shall not be liable for the loss of any portion of the Settlement Fund or Net Settlement Fund, nor have any liability, obligation, or responsibility for the payment of Claims, Taxes and Tax Expenses, legal fees, Notice and Administration Expenses, or any other expenses payable from the Settlement Fund or Net Settlement Fund.

### d.   Termination of Settlement

2.13   In the event that this Stipulation is not approved or the Settlement is not approved, or is terminated, canceled pursuant to ¶¶7.3 or 7.5 hereof, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final, then the

Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶2.9 and 2.11 hereof in connection with the Settlement provided for herein, shall be refunded to the Company, as directed pursuant to written instructions from Defendants' Counsel, within ten (10) business days of such cancellation or termination, and in accordance with ¶7.4 herein.

### 3. Preliminary Approval Order and Settlement Hearing

3.1    Immediately following execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation pursuant to Federal Rule of Civil Procedure 23(e)(2), certification of the Settlement Class, and approval for the mailing or emailing of a settlement notice (the "Notice") and publication of a summary notice ("Summary Notice"), substantially in the forms of Exhibits A-1 and A-3, respectively, attached hereto.  The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing, as defined in ¶1.31 and below.

3.2    It shall be solely Lead Counsel's responsibility to disseminate the Notice and Summary Notice to the Settlement Class in accordance with this Stipulation and

- 28 -

as ordered by the Court. Settlement Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

3.3     Lead Counsel shall request that, after notice is given and not earlier than ninety (90) calendar days after the later of the dates on which the appropriate Federal official and the appropriate State officials are provided with notice, at Defendants' expense, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715 *et seq.* ("CAFA"), the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

3.4     Within ten (10) business days following preliminary approval of the Settlement by the Court, Home Point shall use its best efforts to provide or cause to be provided to the Claims Administrator a shareholder list for purposes of providing notice to the Settlement Class.

**4.     Releases**

4.1     Pursuant to the Judgment, without further action by anyone, upon the Effective Date, as defined in ¶1.7 hereof, the Releasing Plaintiff Parties, including, but not limited to Plaintiff and each of the other Members of the Settlement Class, on behalf of themselves, and their respective heirs, executors, administrators,

- 29 -

predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, waived, released, resolved, relinquished, discharged, and dismissed with prejudice each and every one of the Released Claims against each and every one of the Released Defendant Parties, and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, intervening in, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity) any and all of the Released Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim or shares in the Net Settlement Fund.  Claims to enforce the terms of this Stipulation are not released.

4.2    Any Proof of Claim that is executed by Settlement Class Members shall release all Released Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3    Upon the Effective Date, the Releasing Plaintiff Parties will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration

tribunal, or administrative forum, asserting the Released Claims against any of the Released Defendant Parties.

4.4    Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Plaintiff, the Settlement Class, and Plaintiff's Counsel.  Claims to enforce the terms of this Stipulation are not released.

## 5.    Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund

5.1    The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  The Defendants did not have any involvement in the selection of the Claims Administrator, nor will Defendants have any involvement in the claims administration process, or the Plan of Allocation of the Settlement proceeds.  The Plan of Allocation will be proposed solely by Plaintiff, subject to Court approval.  With the exception that Defendants shall be responsible for providing any required notice under CAFA, the Released Defendant Parties and Defendants' Counsel shall have no responsibility for, liability, obligation, or interest whatsoever in the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability

- 31 -

whatsoever to the Releasing Plaintiff Parties, including Plaintiff, any other Settlement Class Members, or Plaintiff's Counsel, in connection with such administration, including, but not limited to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Escrow Account, Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Escrow Account, Settlement Fund, or Net Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Escrow Account, Settlement Fund, or Net Settlement Fund; or (vi) the payment or withholding of any Taxes, Tax Expenses, Notice and Administration Expenses, and/or other costs or expenses incurred by or in connection with the Escrow Account, Settlement Fund, or Net Settlement Fund, distributions or other payments from the Escrow Account, Settlement Fund, or Net Settlement Fund, including, but not limited to, for the purpose of paying any attorneys' fees, or expenses or costs that the Court may award, or any Tax reporting or the filing of any federal, state, or local Tax returns with respect to the Settlement Fund or the Escrow Account.  The Released Defendant Parties shall have no involvement in reviewing or challenging Claims.

      5.2    The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Expenses;

(b)     to pay the Taxes and Tax Expenses;

(c)     to pay attorneys' fees and expenses of Plaintiff's Counsel and to pay an award to Plaintiff for his reasonable costs and expenses (including lost wages) pursuant to 15 U.S.C. §77z-1(a)(4), if and to the extent allowed by the Court (the "Fee and Expense Award"); and

(d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation, the Plan of Allocation, or the orders of the Court.

5.3    After the Effective Date, and subject to and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following provisions of this Stipulation.

5.4    Within ninety (90) calendar days after the mailing of the Notice or such other time as may be set by the Court, each Settlement Class Member who seeks to receive any payment pursuant to the terms of this Stipulation shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim.

- 33 -

5.5    Except as provided herein or otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a valid Proof of Claim shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will fully, finally, and forever be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Plaintiff, Plaintiff's Counsel, the Claims Administrator, or any Settlement Class Member by reason of the exercise or non-exercise of such discretion.

5.6    Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶5.8 below.

5.7    Proof of Claim forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim in whole or in part, the Claims

4869-0522-4570.v2

Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶5.8 below.

5.8    If any Claimant whose timely Claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶5.7 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the Claimant's request for review to the Court.

5.9    Each Settlement Class Member who has not been excluded from the Settlement Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the Released Claims, including, but not limited to, all releases provided

- 35 -

for herein and in the Judgment, and, to the extent applicable, any Claim submitted by such Claimant, which will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Litigation or the Settlement.  All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not, in any event, delay or affect the finality of the Judgment.  All Settlement Class Members, Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.10  Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants

who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00.   These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*.  Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to an appropriate non-sectarian, non-profit charitable organization(s) unaffiliated with any party or their counsel serving the public interest selected by Lead Counsel.

5.11    The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes, Tax Expenses, Notice and Administration Expenses, or any losses incurred in connection with any of the foregoing.  No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶5.1-5.13 hereof; and the Releasing Plaintiff Parties release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund and Net Settlement Fund.

5.12    No Person shall have any claim against the Released Defendant Parties, Plaintiff, Plaintiff's Counsel, the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made

substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.13   It is understood and agreed by the Settling Parties that any proposed Plan of Allocation, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to any Plan of Allocation shall not operate to terminate or cancel or affect the binding nature of this Stipulation, or provide Plaintiff with any ability to terminate or cancel this Stipulation, or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

**6.    Plaintiff's Counsel's Attorneys' Fees and Expenses**

6.1   Lead Counsel may submit an application or applications (the "Fee and Expense Application") on behalf of Plaintiff's Counsel for an award solely from (and out of) the Settlement Fund for:  (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest earned on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Any such fees and expenses awarded shall be paid from the Settlement Fund.  Any application for

- 38 -

fees and expenses may include a request for reimbursement of Plaintiff's reasonable costs and expenses in connection with his representation of the Settlement Class pursuant to 15 U.S.C. §77z-1(a)(4), which shall be paid solely from (and out of) the Settlement Fund.  Lead Counsel reserves the right to make additional applications for fees and expenses incurred, which shall be paid solely from (and out of) the Settlement Fund.

6.2     The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.  Any fees and expenses, as awarded by the Court, shall be paid to Lead Counsel solely from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.  Lead Counsel shall thereafter allocate the attorneys' fees among Plaintiff's Counsel in a manner in which Lead Counsel in good faith believes reflects the contribution of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3     In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, including any reduction to the Fee and Expense Award, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination

becomes Final and not subject to review, and in the event that the Fee and Expense

Award has been paid to any extent, then Lead Counsel, including its partners and/or

shareholders, and such other Plaintiff's Counsel, including their law firms, partners,

and/or shareholders, and Plaintiff who have received any portion of the Fee and

Expense Award shall, within ten (10) business days from receiving notice from

Defendants' Counsel or from a court of appropriate jurisdiction, refund to the

Settlement Fund all such fees and expenses previously paid to them from the

Settlement Fund plus interest thereon at the same rate as earned by the Settlement

Fund in an amount consistent with such reversal, modification, cancellation, or

termination, and such fees and expenses shall be refunded to the Persons who

contributed to the Settlement Fund pursuant to written instructions from Defendants'

Counsel in accordance with ¶7.4 if applicable.  Any refunds required pursuant to this

¶6.3 shall be the several obligation of Plaintiff's Counsel, including their law firms,

partners, and/or shareholders, and Plaintiff if he received fees or expenses to make

appropriate refunds or repayments to the Settlement Fund.  Each such Plaintiff's

Counsel or Plaintiff receiving fees and expenses, as a condition of receiving such fees

and expenses, on behalf of itself or himself and each partner and/or shareholder of him

or it, agrees that (a) such Person and his or its partners, shareholders, and/or members

are subject to the jurisdiction of the Court for the purpose of enforcing the provisions

of this paragraph, and (b) are severally liable for the full amount of all fees, expenses,

awards, and/or costs paid to them from the Settlement Fund together with the interest thereon. Without limitation, Plaintiff's Counsel and Plaintiff and his or their partners, shareholders, and/or members agree that the Court may, upon application of Defendants and notice to Plaintiff's Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should such law firms or their partners, shareholders, or members fail to timely repay fees and expenses pursuant to this paragraph.

6.4    The procedure for and the allowance or disallowance by the Court of any applications by any Plaintiff's Counsel for attorneys' fees and expenses, or awards to Plaintiff, to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement. The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Plaintiff, Lead Counsel, or Plaintiff's Counsel, nor any appeals from such awards. Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the

Judgment approving this Stipulation and the Settlement of the Litigation set forth therein, or any other orders entered pursuant to the Stipulation of Settlement.

6.5    Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  With the sole exception of the Company's obligation to pay or cause the Settlement Amount to be paid into the Escrow Account as provided for in ¶2.2 hereof, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or expenses (including Taxes) to Plaintiff's Counsel, or any other counsel or Person who receives payment from the Settlement Fund, or any award to Plaintiff.

6.6    The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiff's Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

6.7    The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Settlement Class Member, whether or not paid from the Escrow Account, Settlement Fund, or Net Settlement Fund.  The Settlement Fund will be the sole source for any award of attorneys' fees and expenses, or awards to Plaintiff, as may be ordered by the Court.

- 42 -

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1     The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)     the Settlement Amount has been deposited into the Escrow Account, which occurred on July 25, 2023;

(b)     the Court has entered the Preliminary Approval Order directing notice to the Settlement Class, as required by ¶3.1 hereof;

(c)     Home Point has not exercised its option to terminate the Settlement pursuant to ¶7.3 hereof;

(d)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto;

(e)     the Judgment has become Final, as defined in ¶1.10 hereof; and

(f)     the Litigation has been dismissed with prejudice.

7.2     Upon the Effective Date, any and all remaining interest or right of the Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  The Released Defendant Parties shall not have any liability, obligation, or responsibility for the payment of Claims, Taxes, Tax Expenses, Notice and Administration Expenses, legal fees, or any other expenses payable from the Escrow

Account, the Settlement Fund, or the Net Settlement Fund.  If the conditions specified in ¶7.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶2.13, 6.3, and 7.4-7.6 hereof unless the Settling Parties mutually agree in writing to proceed with the Settlement.  For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or award to Plaintiff shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.3    As set forth in a separate agreement (the "Supplemental Agreement") executed between Plaintiff and Defendants, by and through their counsel, Home Point may terminate the Settlement and this Stipulation and render it null and void in the event that Members of the Settlement Class who collectively purchased or otherwise acquired more than a certain number of Home Point shares of common stock pursuant or traceable to the IPO exclude themselves from the Settlement Class.  The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement, which is being executed concurrently herewith.  The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than in the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement or by operation of law), unless and until the Court requires the Settling Parties to file the Supplemental Agreement or disclose its

terms or a dispute arises between Plaintiff and Defendants concerning its interpretation or application. If submission of the Supplemental Agreement is ordered by the Court or is necessary to resolve a dispute between Plaintiff and Defendants, the Settling Parties will seek to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court as to preserve the confidentiality of the Supplemental Agreement, particularly the termination threshold.

7.4     Unless otherwise ordered by the Court, in the event this Stipulation is not approved or this Stipulation or the Settlement is terminated, or canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, within ten (10) business days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less Taxes, Tax Expenses and Notice and Administration Expenses which have either been disbursed pursuant to ¶¶2.9 and/or 2.11 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.9 and/or 2.11 hereof, shall be refunded by the Escrow Agent to the Defendants. Such refunds shall be pursuant to written instructions from Defendants' Counsel. The Escrow Agent or his designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses

incurred in connection with such application(s) for refund to Defendants. Such payments shall be pursuant to written instructions from Defendants' Counsel.

7.5    In the event that this Stipulation is not approved or this Stipulation or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall be restored to their respective positions in the Litigation as of June 29, 2023. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.34, 2.7-2.9, 2.11-2.13, 6.3, 7.4-7.6, 8.1, and 9.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

7.6    If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Plaintiff nor Plaintiff's Counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.9 or 2.11. In addition, any amounts already incurred pursuant to ¶¶2.9 or 2.11 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in

- 46 -

accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶2.13 and 7.4 hereof.

**8.      No Admission of Wrongdoing**

8.1     Defendants make no admission (a) of liability or any form of wrongdoing whatsoever, or (b) that recovery could be had in any amount should the Litigation not be settled, and state that the proposed Settlement is a compromise of disputed claims and in no way represents, and may not be construed as, an admission of the merits of any claim.  Defendants deny any wrongdoing and liability of any kind whatsoever and maintain that their conduct at all times was legal and proper.

8.2     Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be proposed or approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with this Stipulation, the Settlement, and/or approval thereof (including any arguments proffered in connection therewith):

(a)      shall be offered or received against or to the prejudice of any Released Defendant Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Defendant Party of the truth of any allegations by Plaintiff or any Member of the Settlement Class or the

- 47 -

validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)      shall be offered or received against or to the prejudice of Plaintiff or any Settlement Class Member as evidence that Plaintiff's claims in any way lack merit or the validity of any affirmative defense that has been or could have been asserted in the Litigation, including, but not limited to, litigation of the Released Claims;

(c)      shall be offered or received against or to the prejudice of any Released Defendant Party as evidence of a presumption, concession, or admission of liability for any fault, misrepresentation, scheme, or omission with respect to any statement or written document approved or made by any Defendant, their Related Parties, or any other Person, or against Plaintiff or any Member of the Settlement Class as evidence of any infirmity in the claims of Plaintiff and the Settlement Class in the Litigation;

- 48 -

4869-0522-4570.v2

(d)      shall be offered or received against or to the prejudice of any

Released Defendant Party as evidence of a presumption, concession, or admission of

any liability, negligence, fault, or wrongdoing, or in any way referred to for any other

reason as against any of the parties to this Stipulation, in any other civil, criminal, or

administrative action or proceeding; provided, however, that if this Stipulation is

approved by the Court, the Settling Parties may refer to it to effectuate the terms of the

Stipulation and releases granted them hereunder; or

(e)      shall be construed against any Released Defendant Party, Plaintiff,

or the Settlement Class as evidence of a presumption, concession, or admission that

the consideration to be given hereunder represents the amount which could be or

would have been recovered after trial or in any proceeding other than this Settlement.

### 9.      Miscellaneous Provisions

9.1      The Settling Parties: (a) acknowledge that it is their intent to consummate

this Settlement; and (b) agree to cooperate to the extent reasonably necessary to

effectuate and implement all terms and conditions of this Stipulation and to exercise

their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

9.2      The Settling Parties intend this Settlement to be a final and complete

resolution of all disputes between them with respect to the Litigation and the Released

Claims.  The Settlement compromises all claims that were or are contested and shall

not be deemed an admission by any Settling Party as to the merits of any claim or

defense.  The proposed Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 in the institution, prosecution, defense, and settlement of this Litigation.  Defendants deny all liability but agree that, based upon the publicly available information at the time, the Litigation filed was filed in good faith and with an adequate basis in fact and was not frivolous.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.3    Defendants and/or the Released Defendant Parties may file this Stipulation and/or the Judgment from this action in any other action or forum in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy.  The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

4869-0522-4570.v2

9.4     Nothing contained herein shall prevent this Stipulation (or any agreement or order relating thereto) from being used, offered, or received in evidence in (i) any insurance coverage litigation, or (ii) any proceeding to approve, enforce, or otherwise effectuate the Stipulation (or any agreement or order relating thereto) or the Judgment, including the Releases, or the Proof of Claim forms as to Defendants and their Related Parties.

9.5     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.6     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall control.

9.7     This Stipulation, along with its Exhibits, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.8     This Stipulation, the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties.  Each Settling Party

4869-0522-4570.v2

expressly disclaims any reliance on any representations, warranties, or inducements concerning this Stipulation or its Exhibits, other than the representations, warranties, and covenants contained and memorialized in such documents.

9.9     Except as otherwise provided herein, each party shall bear his, her, their, or its own fees and costs.

9.10    Lead Counsel, on behalf of the Settlement Class, is expressly authorized by Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class which it deems appropriate.

9.11    Plaintiff and Plaintiff's Counsel represent and warrant that none of Plaintiff's claims or causes of action referred to in this Litigation or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part, except for the assignment described in Plaintiff's August 20, 2021 declaration (ECF 14-5).

9.12    Each counsel or other Person executing this Stipulation, its Exhibits, the Supplemental Agreement, or any related Settlement document on behalf of any party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms, without requiring additional

4869-0522-4570.v2

consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

9.13   This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or electronically shall be deemed originals.

9.14   All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, with courtesy copies sent via email, and addressed to the intended recipient as set forth below:

    If to Plaintiff or to Lead Counsel:

     ROBBINS GELLER RUDMAN
      & DOWD LLP
     ELLEN GUSIKOFF STEWART
     655 West Broadway, Suite 1900
     San Diego, CA  92101
     elleng@rgrdlaw.com

    If to Defendants or Defendants' Counsel:

- 53 -

SIMPSON THACHER &
  BARTLETT LLP
KAREN M. PORTER
900 G Street NW
Washington, DC  20001
karen.porter@stblaw.com

9.15   This Stipulation shall be binding upon, and inure to the benefit of, the successors, heirs, and assigns of the Settling Parties, including any and all Released Defendant Parties and any Person into which or with which any party hereto may merge, consolidate or reorganize.

9.16   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

9.17   No opinion or advice concerning the Tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Settling Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Settlement Class Member's Tax obligations, and the determination thereof, are the sole responsibility of that Settlement Class Member, and it is understood that the Tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

- 54 -

4869-0522-4570.v2

9.18   Any waiver of any of the terms of this Stipulation must be in writing, signed by the party against whom the waiver is sought to be enforced.  The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

9.19   Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

9.20   This Stipulation and its Exhibits shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Michigan and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Michigan without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

9.21   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

9.22   This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the

result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.23   Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

9.24   Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

9.25   Plaintiff and Lead Counsel shall not make any statements related to the Litigation, the Released Claims, or the Settlement that in any way disparage any of the Released Defendant Parties.  Defendants and Defendants' Counsel shall not make any statements related to the Litigation, the Released Claims, or the Settlement that in any way disparage any of the Releasing Plaintiff Parties.  The Settling Parties reserve their right to rebut any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

4869-0522-4570.v2

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated September 14, 2023.

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ


      ELLEN GUSIKOFF STEWART

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com


ROBBINS GELLER RUDMAN
  & DOWD LLP
CHAD JOHNSON
JONATHAN ZWEIG
ANA AVALOS CUELLAR
420 Lexington Avenue, Suite 1832
New York, NY  10170
Telephone:  212/432-5100
chadj@rgrdlaw.com
jzweig@rgrdlaw.com
aavalos@rgrdlaw.com

Lead Counsel for Lead Plaintiff and the Class

- 57 -

VANOVERBEKE, MICHAUD &
  TIMMONY, P.C.
THOMAS C. MICHAUD (P42641)
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Local Counsel for Lead Plaintiff and the
Class

SIMPSON THACHER
  & BARTLETT LLP
JONATHAN K. YOUNGWOOD
CRAIG S. WALDMAN

_____
        CRAIG S. WALDMAN

425 Lexington Avenue
New York, NY  10017
Telephone:  212/455-2000
jyoungwood@stblaw.com
cwaldman@stblaw.com

SIMPSON THACHER &
  BARTLETT LLP
KAREN M. PORTER
900 G Street NW
Washington, DC  20001
Telephone:  202/636-5500
karen.porter@stblaw.com

- 58 -

DYKEMA GOSSETT PLLC
ANDREW J. KOLOZSVARY
400 Renaissance Center
Detroit, MI  48243
Telephone: 313/568-6800
akolozsvary@dykema.com

Attorneys for Defendants

- 59 -

4869-0522-4570.v2

<u>CERTIFICATE OF SERVICE</u>

I, Ellen Gusikoff Stewart, hereby certify that on September 15, 2023, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.


*/s/ Ellen Gusikoff Stewart*
ELLEN GUSIKOFF STEWART