UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| In re HOME POINT CAPITAL INC. SECURITIES LITIGATION | Civil Action No.: 4:21-cv-11457-SDK-KGA |
|  | Honorable Shalina D. Kumar Magistrate Judge Kimberly G. Altman |

**DECLARATION OF ABDULAZIZ JAMAL JOHAR AL-JOHAR**

I, Abdulaziz Jamal Johar Al-Johar, declare as follows:

1.      I submit this declaration to provide the Court with a description of my efforts in support of this action, and to express my support for the proposed Settlement, attorneys' fees and expenses, and my request for an award pursuant to the Private Securities Litigation Reform Act ("PSLRA").

2.      On January 29, 2021, I purchased 1,000 shares of Home Point Capital Inc. ("Home Point") common stock for my personal interest.  *See* ECF No. 14-3. Additionally, on January 29, 2021, Al Johar Investment Company Ltd. ("Al Johar Inv. Co."), an investment company for which my father, Jamal Johar Mohamed Al-Johar, is the beneficiary, purchased 5,000 shares of Home Point common stock.  *Id.*

3.      On August 20, 2021, I received an assignment from Al Johar Inv. Co. transferring to me all claims, demands, and causes of action for violations of the

federal securities laws of the United States of America in connection with its purchase of Home Point securities.  *See* ECF No. 14-5.

4.     On September 10, 2021, the Court appointed me as lead plaintiff in this action, and appointed my attorneys at Robbins Geller Rudman & Dowd LLP as lead counsel ("Lead Counsel").  *See* ECF No. 16.

5.     On November 9, 2021, my attorneys filed on my behalf an amended complaint in the United States District Court for the Eastern District of Michigan, alleging violations of the federal securities laws, and asserting the right to recover damages on behalf of a class of purchasers of Home Point common stock (the "Class").  ECF No. 23 (the "Complaint").

6.     On September 15, 2023, Lead Counsel filed a stipulation of settlement of this matter (the "Settlement").  ECF No. 57.

### A.     My Oversight Of This Action

7.     I actively monitored and participated in this case.  Throughout the course of this litigation, I regularly communicated by telephone and email with Lead Counsel concerning case developments and strategy.  Lead Counsel kept me apprised of important developments, and I provided input on significant case decisions and events.

8.     I requested and received updates on all major developments in this matter, including my appointment as lead plaintiff, the preparation and filing of the

Complaint, defendants' motion to dismiss, discovery, class certification, and settlement.

9.     I reviewed drafts of all significant filings made by Lead Counsel in this matter, including the motion for appointment as lead plaintiff, the Complaint, the opposition to the motion to dismiss, the motion for class certification, the Settlement stipulation, and the motions for preliminary and final approval of the Settlement.

10.     I searched for and provided documents in response to defendants' document requests, and I worked through issues with Lead Counsel concerning the scope of production and data protection and confidentiality issues.

11.     Before the Settlement was reached, I agreed to travel to the United States in order for my deposition to be taken, and I obtained a visa for such travel from the United States Embassy in Riyadh, Saudi Arabia.  The total cost of obtaining this visa on an expedited basis was $337, for which I seek reimbursement.

12.     With respect to the Settlement, I discussed in detail with Lead Counsel the potential damages reasonably achievable in this action and the risks and benefits of proceeding with litigation or settling this matter.  I was in frequent telephone communication with Lead Counsel before, during, and after the mediation that was held in this matter.

13.     I also discussed this matter in detail with my father, Jamal Johar Mohamed Al-Johar, who is the beneficiary of Al Johar Inv. Co., the entity that

assigned its claims in connection with this matter to me. I discussed every significant case development with my father. Additionally, I discussed with my father and with Masarrat Jaffri, an employee of Al Johar Inv. Co., the production of documents belonging to Al Johar Inv. Co. in response to defendants' document requests, including issues concerning the scope of production and data protection and confidentiality issues. I also discussed with my father the proposed Settlement.

14. After these extensive discussions, I evaluated and accepted the proposed Settlement for $5,000,000.00 in cash.

**B. My Support Of The Settlement, Plan of Allocation, and Lead Counsel's Fee Request**

15. I authorized Lead Counsel to settle this action for $5,000,000.00. In making the determination that the Settlement is fair and reasonable, I considered the merits of this case, including the law governing the allegations and facts developed in discovery. In particular, I weighed the Settlement's substantial benefits to the Class against the potential benefits, risks, and uncertainties of continued litigation. After doing so, I concluded that the Settlement represents an excellent recovery for the Class, and that its approval is in the best interest of the Class. Thus, I fully support the proposed Settlement.

16. Based on expert analysis and input from Lead Counsel, I also concluded that the Plan of Allocation set out in the Settlement presents a fair method of distributing the Settlement proceeds on a *pro rata* basis among Class Members.

17.    In addition, I believe that the Lead Counsel's application for attorneys' fee of 30% of the Settlement amount and expenses of $30,766.91 is fair, reasonable, and appropriate given the facts and circumstances of this case, including Lead Counsel's high quality representation, the work Lead Counsel undertook, and fees awarded in similar cases.  I believe that the Settlement that would not have been possible without the aggressive, diligent, and responsible efforts of Lead Counsel. Thus, I fully support Lead Counsel's fee request.

### C.    My Request for an Award for Time and Expenses

18.    I, along with my father Jamal Johar Mohamed Al-Johar, who is the beneficiary of Al Johar Inv. Co., and Masarrat Jaffri, who is an employee of Al Johar Inv. Co., spent significant time on behalf of the Class in connection with the prosecution of this case.  This time includes monitoring and participating in the litigation, providing documents in response to Defendants' discovery requests, evaluating data protection and confidentiality issues, participating in numerous discussions about litigation and settlement strategy, and undertaking the other various activities described in Section A above.

19.    I estimate that, over the course of approximately two years of litigation, I expended approximately five hours per month on this matter.  In addition, I have personal knowledge that my father expended a total of approximately six hours on

this matter, and that Mr. Jaffri also expended a total of approximately six hours on this matter.

20. My father and I primarily focus on managing my family's capital markets and real estate portfolio worth more than $100 million, and Mr. Jaffri assists in administrative tasks in connection with managing my family's portfolio. Prior to my current role as an investment manager, I attended the American University of Sharjah, where I earned a Bachelor of Science in Accounting and Finance. Thereafter, for approximately five years, I worked as an accountant and auditor. I have approximately nine years of experience investing in equities.

21. Based on our compensation, backgrounds, and experience, I believe that a fair estimate of the unreimbursed amounts associated with our time and effort reasonably undertaken in connection with this litigation is $15,000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 8th day of April, 2024, at Riyadh, Saudi Arabia.

ABDULAZIZ JAMAL JOHAR
AL-JOHAR

<u>CERTIFICATE OF SERVICE</u>

I, Ellen Gusikoff Stewart, hereby certify that on April 9, 2024, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*/s/ Ellen Gusikoff Stewart*
ELLEN GUSIKOFF STEWART