EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| In re HOME POINT CAPITAL INC. SECURITIES LITIGATION | Civ. No. 4:21-cv-11457-SDK -KGA<br><br>Judge Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman<br><br>CLASS ACTION |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**TO:** **ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED HOME POINT CAPITAL INC. ("HOME POINT" OR THE "COMPANY") COMMON STOCK IN THE COMPANY'S JANUARY 29, 2021 INITIAL PUBLIC OFFERING ("IPO") OR PURCHASED HOME POINT COMMON STOCK AFTER THE IPO AND ON OR BEFORE JUNE 21, 2021 IN THE STOCK MARKET PURSUANT AND/OR TRACEABLE TO THE COMPANY'S OFFERING DOCUMENTS ISSUED IN CONNECTION WITH THE IPO, AND WERE ALLEGEDLY DAMAGED THEREBY, AND ARE NOT OTHERWISE EXCLUDED FROM THE SETTLEMENT CLASS (THE "SETTLEMENT CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE APRIL 15, 2024.**

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been provided to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Michigan, Southern Division (the "Court"). The purpose of this Notice is to inform you of the pendency of the above-captioned putative class action (the "Litigation") between Lead Plaintiff Abdulaziz Jamal Johar Al-Johar ("Lead Plaintiff" or "Plaintiff"), on behalf of himself and others similarly situated, and Defendants Home Point, William A. Newman, Mark E. Elbaum, Agha S. Khan, Steven A. Levey, Eric L. Rosenzweig, Andrew J. Bon Salle, Laurie S. Goodman, Timothy R. Morse, Stone Point Capital LLC, Trident VI, L.P., Trident VI Parallel Fund, L.P., Trident VI DE Parallel Fund, L.P., and Trident VI Professionals Fund, L.P.; the proposed $5,000,000 cash settlement reached therein (the "Settlement"); and the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses. This Notice describes what steps you may take in relation to the Settlement and this Litigation.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. Defendants have denied, and continue to deny, each and all of the claims and allegations asserted against them in the Litigation. This Notice is solely to advise you of the pendency and proposed Settlement of the Litigation and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement. **Proof of Claim forms must be postmarked or submitted online on or before April 15, 2024.** |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties (as defined below) about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Settlement Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be postmarked on or before April 23, 2024.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Settlement Class. **Objections must be *received* by the Court and counsel on or before April 23, 2024. If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON MAY 14, 2024** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel on or before April 23, 2024.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Settlement Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Party about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated September 14, 2023 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.HomePointSecuritiesSettlement.com.

**SUMMARY OF THIS NOTICE**

**Statement of Settlement Class Recovery**

Pursuant to the Settlement described herein, a $5,000,000 Settlement Fund has been established. Based on Lead Plaintiff's estimate of the number of shares of Home Point common stock eligible to recover under the Settlement, the average distribution per share under the Plan of Allocation is approximately $0.29 before deduction of any Taxes or Tax Expenses on the income earned on the Settlement Amount thereof, Notice and Administration Expenses, and any Court-awarded attorneys' fees, expenses, and interest thereon as determined by the Court. **Settlement Class Members should note, however, that these are only estimates.** A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that Claimant's Claim as compared to the total Claims of all Settlement Class Members who submit acceptable Proofs of Claim. A Settlement Class Member may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages 9-11 below for more information on the calculation of your Claim.

**Statement of Potential Outcome of Case**

Plaintiff and Defendants (the "Settling Parties") disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Settlement Class prevailed on each claim alleged. Defendants deny that they violated any laws, deny that this Litigation could proceed as a class action, deny that they are liable to the Settlement Class, and deny that the Settlement Class has suffered any injury or damages. The issues on which the Settling Parties disagree are many, but include: (1) whether Lead Plaintiff has satisfied his burden under the Federal Rules of Civil Procedure for certifying the proposed class and representing that class as Lead Plaintiff; (2) whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws, or any other law; (3) whether Defendants have valid defenses to any such claims of liability; (4) the appropriate economic model for determining the amount by which the prices of Home Point common stock purchased in and/or traceable to the IPO were allegedly artificially inflated (if at all); (5) the effect of various market forces on the prices of Home Point common stock; (6) the extent to which external factors influenced the prices of Home Point common stock at various times; (7) the extent to which the various statements that Lead Plaintiff alleged were materially false or misleading impacted (if at all) the prices of Home Point common stock at various times during the relevant period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were misstated or omitted impacted (if at all) the prices of Home Point common stock.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Lead Counsel has expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and has advanced the expenses of the Litigation in the expectation that if it was successful in obtaining a recovery for the Settlement Class, it would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty percent (30%) of the Settlement Amount, plus expenses not to exceed $60,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. In addition, Lead Plaintiff may apply for an award not to exceed $25,000 in connection with his representation of the Settlement Class, including costs and expenses incurred by representative(s) of Al Johar Investment Company Ltd., which assigned its claims to Lead Plaintiff. If the amounts requested are approved by the Court, the average cost per share of Home Point common stock will be approximately $0.09.

**Further Information**

For further information regarding the Litigation, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-888-858-5984, or visit the website www.HomePointSecuritiesSettlement.com.

You may also contact a representative of counsel for the Settlement Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com, www.rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiff's principal reason for entering into the Settlement is the benefit to the Settlement Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery—or, indeed, no recovery at all—might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. Defendants have denied, and continue to deny, each and all of the claims and allegations asserted against them in the Litigation. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the costs, burdens, and uncertainty inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further continuation of this Litigation could be protracted and unnecessarily costly.

**BASIC INFORMATION**

| 1. | Why did I get this Notice package? |
|---|---|

This Notice is provided pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired Home Point common stock in or traceable to the Company's IPO and on or before June 21, 2021.

This Notice explains the class action lawsuit, the Settlement, Settlement Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Eastern District of Michigan, Southern Division, and the case is known as *In re Home Point Capital Inc. Securities Litigation*, Civ. No. 4:21-cv-11457-SDK-KGA. The case has been assigned to the Honorable Shalina D. Kumar. The person representing the Settlement Class is the Lead Plaintiff, and the entities and individuals he sued and who have now settled are the Defendants.

| 2. | What is this lawsuit about? |
|---|---|

The initial complaint in the Litigation was filed on June 21, 2021. On September 10, 2021, the Court appointed Abdulaziz Jamal Johar Al-Johar as Lead Plaintiff and Lead Plaintiff's selected counsel, Robbins Geller Rudman & Dowd LLP, as Lead Counsel.

On November 9, 2021, Plaintiff filed the operative Amended Class Action Complaint ("Complaint"), alleging violations of §§11 and 15 of the Securities Act of 1933 (the "Securities Act"). More specifically, Plaintiff alleged that the offering documents associated with Home Point's January 29, 2021 initial public offering (the "IPO") (collectively, the "Offering Documents") included false and misleading statements that (i) Home Point's wholesale mortgage lending operations were low-cost and highly efficient, and (ii) misleadingly omitted Home Point's expectation that interest rates would increase and adversely affect the Company's wholesale margins. Plaintiff further alleged that, on May 6, 2021, Home Point announced its financial results for the first quarter of 2021, including disappointing margin and cost results. Plaintiff alleged that, as a result, Home Point's stock price fell nearly 18% on May 6, 2021, and continued to fall on May 7 and 10, 2021, causing damages to Plaintiff and other members of the class.

On January 10, 2022, Defendants moved to dismiss the Complaint. On March 11, 2022, Plaintiff filed his opposition to Defendants' motion to dismiss.[2] On April 11, 2022, Defendants filed their reply brief. On October 5, 2022, the Court granted in part and denied in part Defendants' motion. The Court dismissed all allegations "relative to the statements surrounding interest rates and the impact they could have on Home Point's margins and profitability." ECF 39 at 10-11. The Court further held that several allegedly misleading statements concerning the Company's costs were "non-actionable puffery." *Id.* at 12. The Court also held that other allegedly misleading statements concerning the Company's costs "cannot be deemed unactionable puffery and dismissal under Rule 12(b)(6) on these grounds is not appropriate." *Id.* at 12-13. Defendants answered the Complaint with respect to the remaining allegations on November 4, 2022.

On January 10, 2023, the parties filed their Rule 26(f) Joint Discovery Plan, and the parties filed an Amended Rule 26(f) Joint Discovery Plan on January 17, 2023. On February 3, 2023, the Court entered its Rule 16 Scheduling Order (Phase I). Fact discovery was underway when the Settling Parties reached an agreement in principle to resolve the Litigation.

On March 15, 2023, Plaintiff moved to certify the class. The motion remained pending when the Settling Parties reached an agreement in principle to resolve the Litigation.

On May 3, 2023, Plaintiff and Defendants participated in a voluntary confidential mediation with Gregory P. Lindstrom, Esq., of Phillips ADR, an experienced mediator. The mediation was preceded by submission of mediation statements by the Settling Parties. The Settling Parties engaged in good faith negotiations but did not reach a settlement at the mediation session. The Settling Parties engaged in further discussions with Mr. Lindstrom and among themselves, and on June 29, 2023, the Settling Parties executed a Settlement Term Sheet agreeing to settle the Litigation in return for a cash payment of $5,000,000 for the benefit of the Settlement Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement among the Settling Parties.

Defendants have denied, and continue to deny, that they violated the federal securities laws or any other law and maintain that their conduct was at all times proper and in compliance with all applicable laws. Defendants have denied, and continue to deny, each and all of the claims and contentions of wrongdoing alleged by Lead Plaintiff in the Litigation, as well as any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendants continue to believe that the claims asserted against them in the Litigation are without merit. Defendants expressly have denied, and continue to deny, that they have committed any act or made any false or misleading statements or omissions giving rise to any liability under the federal securities laws. Defendants expressly have denied, and continue to deny, that they have committed any wrongdoing or

---

[2] In his opposition, Plaintiff withdrew his Section 15 claims against Defendants Laurie S. Goodman and Timothy R. Morse. *See* ECF 27 at 25.

violations of law as alleged at any point during the Litigation, and maintain that their conduct was at all times proper and in compliance with applicable provisions of law and applicable industry standards. Defendants also have denied, and continue to deny, that they made or that the Offering Documents contained any material misstatement or omission, that the prices of Home Point common stock were artificially inflated as a result; that any Settlement Class Member, including Plaintiff, has suffered any damages; or that any Settlement Class Member, including Plaintiff, was harmed by any conduct alleged in the Litigation or that could have been alleged therein. Defendants maintain that their conduct was proper and that they have meritorious defenses to all of the claims that were raised or could have been raised in the Litigation.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of the Lead Plaintiff or Defendants. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiff agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Settlement Class? |
|---|---|

The Court directed that everyone who fits this description is a Settlement Class Member: all Persons who purchased or otherwise acquired Home Point common stock in Home Point's IPO or purchased Home Point common stock after the IPO and on or before June 21, 2021 in the stock market pursuant and/or traceable to the Company's Offering Documents issued in connection with the IPO, and were alleged to be damaged thereby, except those Persons and entities that are excluded.

Excluded from the Settlement Class are: the Defendants, the officers and directors of the Company, members of the Individual Defendants' immediate families and their legal representatives, heirs, predecessors, successors or assigns, and any entity in which the officers and directors of the Company have or had a controlling interest. Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requests exclusion by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note:** Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before **April 15, 2024.**

| 5. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-888-858-5984, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify. You may also submit the Proof of Claim online via the Settlement website: www.HomePointSecuritiesSettlement.com.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation with prejudice, Home Point will pay or cause to be paid $5,000,000 in cash to be distributed after Taxes, Tax Expenses, Notice and Administration Expenses, and any Court-approved attorneys' fees and expenses and Lead Plaintiff award, *pro rata*, to Settlement Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total value of Home Point common shares represented by the valid Proof of Claim forms that Settlement Class Members send in, compared to the value of your Claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must timely complete and submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.HomePointSecuritiesSettlement.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked (if mailed) or received (if submitted online) no later than April 15, 2024.** The Proof of Claim form may be submitted online at www.HomePointSecuritiesSettlement.com. If you do not submit a timely Proof of Claim form with the required information, you will not receive a payment from the Net Settlement Fund; however, unless you expressly exclude yourself from the Settlement Class as described below, you will still be bound by the Settlement, the Judgment, and the releases contained therein.

| 9. | When would I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on May 14, 2024, at 10:00 a.m.,** to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Settlement Class? |
|---|---|

Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties about the Released Claims (as defined below) in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Settlement Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Defendant Parties" (as defined below):

- "Released Claims" means any and all claims, demands, losses, rights, duties, obligations, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities, and causes of action of any nature and description whatsoever, whether known or unknown, contingent or non-contingent, mature or not mature, accrued or not accrued, concealed or hidden, or suspected or unsuspected, whether arising under federal, state, common, or foreign law, that have been or could have been asserted in the Litigation or could in the future be asserted in any forum, whether foreign or domestic, by Plaintiff, any Settlement Class Member, or (in their capacities as such) each of their respective predecessors, successors, assigns, heirs, representatives, administrators, executors, devisees, legatees, and estates, whether individual, class, direct, representative, on behalf of others, legal, equitable, or of any other type or in any other capacity, whether brought directly or indirectly against any of the Defendants or Released Defendant Parties, that arise out of, are based upon, or relate in any way to both (i) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions, involved, set forth, alleged, or referred to in the Litigation, or which could have been alleged in the Litigation, and (ii) the purchase, acquisition, holding, sale, or disposition of any Home Point securities purchased or acquired in or traceable to Home Point's January 2021 IPO. "Released Claims" does not include claims to enforce the Settlement, or the claims of any Person who validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement. "Released Claims" does not include any derivative or Employee Retirement Income Security Act of 1974 ("ERISA") claims. "Released Claims" includes "Unknown Claims" as defined below.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Plaintiff, Plaintiff's Counsel, or any Settlement Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

- "Released Defendant Party" or "Released Defendant Parties" mean each and all of Defendants, their Related Parties, and Defendants' Counsel. The Released Defendant Parties, excluding Defendants themselves, are intended as third-party beneficiaries of this Settlement with respect to the release of the Released Claims, and Defendants are intended as direct beneficiaries of this Settlement with respect to the release of the Released Claims.

- "Related Parties" means, with respect to each Defendant, as applicable, all of their respective past, present and future parents, subsidiaries, affiliates, directors, officers, general partners, managers, employees, insurers, attorneys, agents, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates. For avoidance of doubt, "Related Parties" includes, with respect to Home Point, Mr. Cooper Group, Inc.

- "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean each and every Settlement Class Member, Plaintiff, Plaintiff's Counsel, and, as applicable, each of their respective past, present and future parents, subsidiaries, affiliates, directors, officers, general partners, managers, employees, insurers, attorneys, agents, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates. Releasing Plaintiff Parties does not include any Person who would otherwise be a Member of the Settlement Class but who has validly and timely excluded himself, herself, itself, or themselves therefrom in accordance with the requirements set by the Court in connection with the Settlement.

- "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, their, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Settlement Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of Plaintiff, the Settlement Class, and Plaintiff's Counsel, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement and release of Plaintiff, the Settlement Class, and Plaintiff's Counsel. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiff, the Settlement Class, and Plaintiff's Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

  > A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

  The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. The Settling Parties acknowledge, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, acknowledged that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiff, the Settlement Class, and Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

**EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS**

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| 11. | How do I get out of the Settlement Class and the proposed Settlement? |
|---|---|

To exclude yourself from the Settlement Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the *Home Point Securities Settlement*." Your letter must include a list identifying the dates and the number of shares of Home Point common stock that you purchased, acquired, and sold for each such purchase, acquisition, and sale during the period between January 29, 2021 and June 21, 2021, inclusive. In addition, you must include your name, address, email address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than April 23, 2024** to:

*Home Point Securities Settlement*
c/o Gilardi & Co. LLC
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Defendant Parties about the Released Claims in the future.

Your request for exclusion shall not be valid and effective unless it provides all the information called for in this question and is received within the time stated above, or is otherwise accepted by the Court.

| 12. | If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendant Parties for any and all Released Claims. If you have a pending lawsuit against any of the Released Defendant Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Settlement Class in this Litigation to continue your own lawsuit against any of the Released Defendant Parties regarding any Released Claims. Remember, the exclusion deadline is **April 23, 2024**.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Defendant Parties.

**THE LAWYERS REPRESENTING YOU**

| 14. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Settlement Class Members, including you. Robbins Geller is called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|---|---|

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty percent (30%) of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $60,000 in connection with prosecuting the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. In addition, Lead Plaintiff may seek up to $25,000 for his costs and expenses incurred in representing the Settlement Class pursuant to 15 U.S.C. §77z-1(a)(4), including costs and expenses incurred by representative(s) of Al Johar Investment Company Ltd., which assigned its claims to Lead Plaintiff. Any such sums as may be approved by the Court will be paid from the Settlement Fund.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or any part of it.

| **16.** | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

If you are a Settlement Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed *Home Point Securities Settlement*. Include your name, address, telephone number, and your signature, identify the date(s) and number of shares of Home Point common stock you purchased or acquired and sold during the period between January 29, 2021 and June 21, 2021, inclusive, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. You must also include copies of documents demonstrating your purchase(s) or acquisitions and/or sale(s) of Home Point common stock between January 29, 2021, and June 21, 2021 inclusive, and the objection must be signed by the objector, even if the objector is represented by counsel. The objection must also identify all settlements to which you or your counsel have objected during the past three years. Your comments or objection must be filed with the Court and mailed to each of the following addresses such that it is *received* **no later than April 23, 2024:**

| **COURT** | **LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|---|
| OFFICE OF THE CLERK | ROBBINS GELLER RUDMAN & | SIMPSON THACHER & |
| UNITED STATES DISTRICT COURT | DOWD LLP | BARTLETT LLP |
| EASTERN DISTRICT OF MICHIGAN | ELLEN GUSIKOFF STEWART | KAREN M. PORTER |
| SOUTHERN DIVISION | 655 West Broadway, Suite 1900 | 900 G Street NW |
| Federal Building and U.S. Courthouse | San Diego, CA 92101 | Washington, DC 20001 |
| 600 Church Street | | |
| Flint, MI 48502 | | |

| **17.** | **What is the difference between objecting and excluding?** |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to recover money from the Settlement and do not want to release any claims you think you may have against Defendants and their Related Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| **18.** | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold a Settlement Hearing on **May 14, 2024, at 10:00 a.m.**, before Judge Shalina D. Kumar, at the United States District Court for the Eastern District of Michigan, Southern Division, Federal Building and U.S. Courthouse, 600 Church Street, Courtroom 127, Flint, MI 48502. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Lead Counsel and Lead Plaintiff. After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date and/or time of the Settlement Hearing without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel or the Settlement website, www.HomePointSecuritiesSettlement.com, beforehand to be sure that the date and/or time has not changed.

In addition, the possibility exists that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone or video, without further written notice to the Settlement Class. **In order to determine whether the date and/or time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.HomePointSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any and all updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.HomePointSecuritiesSettlement.com. Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video, the access information will be posted to the Settlement website, www.HomePointSecuritiesSettlement.com.**

| 19. | Do I have to come to the hearing? |
|-----|-----------------------------------|

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as your written objection is received on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|-----|-----------------------------|

If you object to the Settlement, the Plan of Allocation, and/or Lead Counsel's fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Home Point Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiff and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be *received* **no later than April 23, 2024**, and addressed to the Office of the Clerk, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

### IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|-----|-------------------------------|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or any of their Related Parties about the Released Claims in this case.

### GETTING MORE INFORMATION

| 22. | How do I get more information? |
|-----|--------------------------------|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-888-858-5984. Reference is also made to the Settlement Agreement, to the filings in support of the Settlement, to the Orders entered by the Court and to the other Settlement-related papers filed in the Litigation, which are posted on the Settlement website at www.HomePointSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Eastern District of Michigan, Southern Division, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

### PLAN OF ALLOCATION OF NET SETTLEMENT
### FUND AMONG SETTLEMENT CLASS MEMBERS

| 23. How will my claim be calculated? |
|--------------------------------------|

1. As discussed above, the Settlement provides $5,000,000 in cash for the benefit of the Settlement Class. The Settlement Amount and any interest and accretions thereto constitute the "Settlement Fund." The Settlement Fund, less (a) any Court-awarded attorneys' fees, expenses, and interest thereon, (b) Notice and Administration Expenses, (c) Taxes and Tax Expenses, and (d) other Court-approved deductions is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants—Members of the Settlement Class who submit a valid Proof of Claim form to the Claims Administrator that is approved by the Claims Administrator or Court for payment from the Net Settlement Fund—in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Settlement Class Members who do not timely submit valid Proof of Claim forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website: www.HomePointSecuritiesSettlement.com.

2. The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

3. The Plan of Allocation and determining the amount an Authorized Claimant may recover under it was developed in consultation with Lead Counsel's in-house damages consultant.

4.      In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

5.      In order to have a "Recognized Loss Amount" under the Plan of Allocation, shares of Home Point common stock must have been purchased or otherwise acquired in or pursuant and/or traceable to the IPO (and between January 29, 2021 and June 21, 2021, inclusive).[3]

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

6.      Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Home Point common stock between January 29, 2021 and June 21, 2021, inclusive, for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that Recognized Loss Amount will be zero.

---

**Home Point Capital**
**CUSIP: 43734L106**

**Claims for the Initial Public Offering**

Initial Public Offering Price: $13.00 per share

Closing price on the date the lawsuit was filed[4]: $6.31 per share

---

For shares of Home Point common stock purchased or otherwise acquired pursuant to and/or traceable to the Company's initial public offering prospectus dated January 28, 2021 through the end of trading on June 21, 2021, and

1)      sold prior to the close of trading on June 21, 2021, the claim per share is the lesser of (i) the Purchase Price less the Sales Price, or (ii) $13.00 less the Sales Price.

2)      sold from June 22, 2021 through the close of trading on June 29, 2023, the claim per share is the least of (i) $6.69 ($13.00 less $6.31), or (ii) the Purchase Price less the Sales Price, or (iii) the Purchase Price less $6.31, or (iv) $13.00 less the Sales Price.

3)      retained at the close of trading on June 29, 2023, the claim per share is the lesser of (i) $6.69 ($13.00 less $6.31), or (ii) the Purchase Price less $6.31.

---

## ADDITIONAL PROVISIONS

7.      The Net Settlement Fund will be allocated among all Authorized Claimants based on the amount of each Authorized Claimant's Recognized Claim (defined below).

8.      If a Settlement Class Member has more than one purchase/acquisition or sale of Home Point common stock, purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Sales will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the relevant period.

9.      A claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts.

10.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

11.     Purchases or acquisitions and sales of Home Point common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Home Point common stock will not be deemed a purchase, acquisition, or sale of Home Point common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of Home Point common stock unless: (i) the donor or decedent purchased or otherwise acquired the shares between January 29, 2021 and June 21, 2021, inclusive; (ii) no Proof of Claim form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

---

[3]      Any transactions in Home Point common stock executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

[4]      Class Action Complaint filed on June 21, 2021.

12.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Home Point common stock. The date of a "short sale" is deemed to be the date of sale of Home Point common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a claimant has an opening short position in Home Point common stock, his, her, or its earliest purchases or acquisitions of Home Point common stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

13.     Option contracts are not securities eligible to participate in the Settlement. With respect to Home Point common stock purchased or acquired or sold through the exercise of an option, the purchase/sale date of the Home Point common stock is the exercise date of the option, and the purchase/sale price of the Home Point common stock is the exercise price of the option.

14.     If a claimant had a market gain with respect to his, her, or its overall transactions in Home Point common stock during the period between January 29, 2021 and June 21, 2021, inclusive, the value of the claimant's Recognized Claim will be zero. If a claimant suffered an overall market loss with respect to his, her, or its overall transactions in Home Point common stock period between January 29, 2021 and June 21, 2021, inclusive, but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss.

15.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, nonprofit charitable organization(s), to be selected by Lead Counsel.

16.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Counsel's damages consultant, Defendants, Defendants' Counsel, any of the other Releasing Plaintiff Parties or Released Defendant Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiff, Defendants, and their respective counsel, and all other Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Proof of Claim form or nonperformance of the Claims Administrator; the payment or withholding of taxes (including interest and penalties); or any losses incurred in connection therewith.

17.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member or claimant.

18.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Proof of Claim form.

19.     Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If you purchased or acquired Home Point common stock between January 29, 2021 and June 21, 2021, inclusive, for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known email or physical address of each person or organization for whom or which you purchased or acquired such Home Point common stock during such time period, or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days send via email or First Class Mail where an email address is not available, the Notice and Proof of Claim form directly to the beneficial owners of the Home Point common stock referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the email was sent or the mailing was made as directed and retain the names, email addresses or physical addresses for any future mailings to Settlement Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Notice and Proof of Claim form emailed or mailed by you, plus postage at the rate used by the Claims Administrator. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator at:

*Home Point Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301133
Los Angeles, CA 90030-1133

DATED: November 30, 2023

_____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re HOME POINT CAPITAL INC. SECURITIES LITIGATION | Civ. No. 4:21-cv-11457-SDK -KGA |
| | Judge Shalina D. Kumar Magistrate Judge Kimberly G. Altman |
| | CLASS ACTION |

**PROOF OF CLAIM AND RELEASE**

### I.       GENERAL INSTRUCTIONS

1.       To recover as a Settlement Class Member based on the claims in the Litigation,[1] you must complete and, on page 6 hereof, sign this Proof of Claim and Release ("Claim Form" or "Proof of Claim"). If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.       Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement.

3.       YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE APRIL 15, 2024**, ADDRESSED AS FOLLOWS:

*Home Point Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301133
Los Angeles, CA 90030-1133
Online Submissions: www.HomePointSecuritiesSettlement.com

Do not mail or deliver your Proof of Claim to the Court, the parties to the Litigation, or their counsel. Submit your Proof of Claim form only to the Claims Administrator at the address set forth above. If you are NOT a Settlement Class Member, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4.       If you are a Settlement Class Member and you do not validly and timely request exclusion in accordance with the requirements set by the Court, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

5.       It is important that you completely read and understand the Notice that accompanies this Proof of Claim, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the proposed Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Proof of Claim. By signing and submitting this Proof of Claim, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

### II.       CLAIMANT IDENTIFICATION

You are a Member of the Settlement Class if you purchased or otherwise acquired shares of Home Point Capital Inc. ("Home Point" or the "Company") common stock in Home Point's IPO, or purchased Home Point common stock after the IPO and on or before June 21, 2021 in the stock market pursuant and/or traceable to the Company's Offering Documents issued in connection with the IPO, and were alleged to be damaged thereby. Excluded from the Settlement Class are Defendants, the officers and directors of the Company, members of the Individual Defendants' immediate families and their legal representatives, heirs, predecessors, successors or assigns, and any entity in which the officers and directors of the Company have or had a controlling interest. Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

---

[1]       This Proof of Claim incorporates by reference the definitions and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated September 14, 2023 ("Stipulation"), which can be obtained at www.HomePointSecuritiesSettlement.com.

1

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the Home Point common stock that forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE HOME POINT COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this Claim Form. Executors, administrators, guardians, agents, conservators, and trustees must complete and sign this Claim Form on behalf of Persons represented by them and evidence of their authority must accompany this Claim Form and their titles or capacities must be stated. The Social Security number (or full taxpayer identification number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Member of the Settlement Class (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Member of the Settlement Class. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

One claim should be submitted for each separate legal entity. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity, including all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

### III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Home Point Common Stock" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases and acquisitions of Home Point common stock that took place between January 29, 2021 and June 29, 2023, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to all of your sales of Home Point common stock that took place between January 29, 2021 and June 29, 2023, inclusive, whether such transactions resulted in a profit or a loss, and all of the requested information with respect to the number of shares of Home Point common stock you held at the close of trading on June 29, 2023. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase or other acquisition of Home Point common stock. The date of a "short sale" is deemed to be the date of sale of Home Point common stock.

COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN HOME POINT COMMON STOCK SHOULD BE ATTACHED TO YOUR CLAIM. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.

PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, their, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one claim should be submitted for each separate legal entity and the complete name of the beneficial owner(s) of the securities must be entered where called for. Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The Third-Party Filer shall not be the payee of any distribution payment check or electronic distribution payment. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

**Official Office Use Only**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re Home Point Capital Inc. Securities Litigation*

Civ. Action No. 4:21-cv-11457-SDK-KGA

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than April 15, 2024**

# HMPO

Please Type or Print in the Boxes Below
Must use Black or Blue Ink or your claim may be deemed deficient.

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN HOME POINT COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

## PART I. CLAIMANT IDENTIFICATION

Last Name

M.I.

First Name

Last Name (Co-Beneficial Owner)

M.I.

First Name (Co-Beneficial Owner)

○ IRA    ○ Joint Tenancy    ○ Employee    ○ Individual    ○ Other _____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Last Four Digits of Social Security Number        or        Taxpayer Identification Number

Telephone Number (Primary Daytime)

Telephone Number (Alternate)

Email Address

### MAILING INFORMATION

Address

Address (cont.)

City

State

ZIP Code

Foreign Province

Foreign Postal Code

Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | | CB | | ○ ATP ○ KE ○ ICI | ○ BE ○ DR ○ EM | ○ FL ○ ME ○ ND | ○ OP ○ RE ○ SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |



3

**PART II. SCHEDULE OF TRANSACTIONS IN HOME POINT COMMON STOCK**

A.  Purchases or other acquisitions of Home Point common stock (January 29, 2021 through June 29, 2023, inclusive):

**PURCHASES**

| Trade Date(s) (List Chronologically) | Number of Shares Purchased or Otherwise Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase Enclosed? |
|---|---|---|---|
| M M / D D / Y Y Y Y | | | |
| 1. / / | | $ . 00 | ○ Y  ○ N |
| 2. / / | | $ . 00 | ○ Y  ○ N |
| 3. / / | | $ . 00 | ○ Y  ○ N |
| 4. / / | | $ . 00 | ○ Y  ○ N |

IMPORTANT:  (i) If any purchase listed covered a "short sale," please mark Yes: ○ Yes

(ii) If you received shares of Home Point common stock through an acquisition or merger at some date beginning January 29, 2021 through June 29, 2023, inclusive please identify the date, the share amount, and the company acquired:

| M M / D D / Y Y Y Y | Merger Shares: | Company: |
|---|---|---|
| / / | | |

B.  Sales of Home Point common stock (January 29, 2021 through June 29, 2023, inclusive):

**SALES**

| Trade Date(s) (List Chronologically) | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sales Enclosed? |
|---|---|---|---|
| M M / D D / Y Y Y Y | | | |
| 1. / / | | $ . 00 | ○ Y  ○ N |
| 2. / / | | $ . 00 | ○ Y  ○ N |
| 3. / / | | $ . 00 | ○ Y  ○ N |
| 4. / / | | $ . 00 | ○ Y  ○ N |

C.  Number of shares of Home Point common stock held at the close of trading on June 29, 2023 (must be documented). If none, write "zero": _____  Proof Enclosed? ○ Y  ○ N

If you require additional space, attach extra schedules in the same format as above. Sign and print your name and the last four digits of your Social Security/taxpayer identification number on each additional page.

**IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Litigation, including the releases and the covenants set forth herein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases, other acquisitions, or sales of Home Point common stock during the relevant period and know of no other person having done so on my (our) behalf.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 6. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



## V. RELEASE

1.      Upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves), and my (our) respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Claims on my (our) behalf, hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, compromise, settle, discharge, extinguish, resolve, relinquish, dismiss with prejudice and release the Released Claims against each and all of the Released Defendant Parties, as set forth fully in ¶¶4.1-4.3 of the Stipulation.

2.      "Related Parties" means, with respect to each Defendant, as applicable, all of their respective past, present and future parents, subsidiaries, affiliates, directors, officers, general partners, managers, employees, insurers, attorneys, agents, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates. For avoidance of doubt, "Related Parties" includes, with respect to Home Point, Mr. Cooper Group, Inc.

3.      "Released Claims" means any and all claims, demands, losses, rights, duties, obligations, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities, and causes of action of any nature and description whatsoever, whether known or unknown, contingent or non-contingent, mature or not mature, accrued or not accrued, concealed or hidden, or suspected or unsuspected, whether arising under federal, state, common, or foreign law, that have been or could have been asserted in the Litigation or could in the future be asserted in any forum, whether foreign or domestic, by Plaintiff, any Settlement Class Member, or (in their capacities as such) each of their respective predecessors, successors, assigns, heirs, representatives, administrators, executors, devisees, legatees, and estates, whether individual, class, direct, representative, on behalf of others, legal, equitable, or of any other type or in any other capacity, whether brought directly or indirectly against any of the Defendants or Released Defendant Parties, that arise out of, are based upon, or relate in any way to both (i) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions, involved, set forth, alleged, or referred to in the Litigation, or which could have been alleged in the Litigation, and (ii) the purchase, acquisition, holding, sale, or disposition of any Home Point securities purchased or acquired in or traceable to Home Point's January 2021 IPO.  "Released Claims" does not include claims to enforce the Settlement, or the claims of any Person who validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.  "Released Claims" does not include any derivative or Employee Retirement Income Security Act of 1974 ("ERISA") claims.  "Released Claims" includes "Unknown Claims" as defined below.

4.      "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, their, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Settlement Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of Plaintiff, the Settlement Class, and Plaintiff's Counsel, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement and release of Plaintiff, the Settlement Class, and Plaintiff's Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiff, the Settlement Class, and Plaintiff's Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Settling Parties acknowledge, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, acknowledged that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each



Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiff, the Settlement Class, and Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

5. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

6. I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, other acquisitions, and sales of Home Point common stock that occurred during the relevant period as well as the number of shares held by me (us) at the close of trading on June 29, 2023.

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this_____ day of _____ in _____
                                          (Month/Year)                                  (City/State/Country)

_____
(Sign your name here)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor or Administrator)

_____
(Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor or Administrator)

## ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
## THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please sign the above release and acknowledgment.
2. Remember to attach copies of supporting documentation.
3. **Do not send** originals of certificates or other documentation as they will not be returned.
4. Keep a copy of your Proof of Claim and all supporting documentation for your records.
5. If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.
6. If you move, please send your new address to the address below.
7. **Must use Black or Blue Ink** or your claim may be deemed deficient.

## THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR POSTMARKED
## NO LATER THAN APRIL 15, 2024, ADDRESSED AS FOLLOWS:

*Home Point Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301133
Los Angeles, CA 90030-1133
Online Submissions: www.HomePointSecuritiesSettlement.com

