UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| In re HOME POINT CAPITAL INC. SECURITIES LITIGATION | ) ) ) |

Civ. No. 4:21-cv-11457-SDK -KGA

Judge Shalina D. Kumar
Magistrate Judge Kimberly G. Altman

CLASS ACTION

LEAD PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTIONS FOR (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT, APPROVAL OF PLAN OF ALLOCATION, AND FINAL CLASS CERTIFICATION; AND (2) AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF PURSUANT TO 15 U.S.C. §77z-1(a)(4)

4867-8324-1914.v1

Lead Plaintiff Abdulaziz Jamal Johar Al-Johar and Lead Counsel respectfully submit this reply in further support of: (1) Lead Plaintiff's motion for final approval of the proposed class action settlement (the "Settlement"), approval of the Plan of Allocation, and final certification of the Settlement Class for settlement purposes; and (2) Lead Counsel's motion for an award of attorneys' fees and expenses and an award to Lead Plaintiff pursuant to 15 U.S.C. §77z-1(a)(4).  ECF 61-62.[1]

## I.      PRELIMINARY STATEMENT

Lead Plaintiff is pleased to advise the Court that there has been unanimous approval from the Settlement Class to the proposed $5,000,000 Settlement, Plan of Allocation, and the fee and expense application.  As described in the accompanying Supplemental Declaration of Ross D. Murray Regarding Notice Dissemination and Requests for Exclusion Received to Date ("Suppl. Murray Decl.") and prior Murray Declaration (ECF 65), notice of the Settlement was sent to more than 9,900 potential Settlement Class Members and their nominees.  Notice was also published in *The Wall Street Journal*, transmitted over *Business Wire*, and posted on the Claims Administrator's case-dedicated website, www.HomePointSecuritiesSettlement.com. The deadline for objections was April 23, 2024.  That date has now passed and not a single objection to any aspect of the Settlement was filed.  Further, no Settlement

---

[1]      Unless otherwise noted, all capitalized terms not defined herein have the same meanings set forth in the Stipulation of Settlement.  ECF 57.

Class Members have asked to be excluded from the Settlement Class. The Settlement Class' overwhelming support demonstrates the fairness, adequacy and reasonableness of the Settlement, Plan of Allocation, and the fee and expense application.

**II.     THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION**

The reaction of a class to a settlement is an important factor in assessing the fairness and adequacy of the settlement. "[A] relatively small number of class members who object is an indication of a settlement's fairness." *Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 906 (S.D. Ohio 2001). That "there were . . . no objections, . . . 'indicates that the Settlement is fair, reasonable and adequate in a class of this size.'" *Pratt v. KSE Sportsman Media, Inc.*, 2024 WL 113755, at *3 (E.D. Mich. Jan. 10, 2024) (citation omitted). *See also Pansiera v. Home City Ice Co.*, 2024 WL 813759, at *5 (S.D. Ohio Feb. 27, 2024) (sixth *UAW* factor strongly supports approval of the settlement where no class member has objected). Here, not a single Settlement Class Member objected to the Settlement or Plan of Allocation or requested exclusion from the Settlement Class.

The positive reaction of the Settlement Class to the Settlement, together with the relevant factors discussed in Lead Plaintiff's opening brief in support of the Settlement, strongly support the Court's final approval of the Settlement and Plan of Allocation. *See* ECF 61. *See In re Packaged Ice Antitrust Litig.*, 2011 WL 6209188,

- 2 -

4867-8324-1914.v1

at *13 (E.D. Mich. Dec. 13, 2011) ("'[U]nanimous approval of the proposed settlement [] by the class members is entitled to nearly dispositive weight in the court's evaluation of the proposed settlement.'") (citation omitted).

## III. THE REACTION OF THE SETTLEMENT CLASS SUPPORTS APPROVAL OF THE FEE AND EXPENSE APPLICATION

Not a single Settlement Class Member has objected to Lead Counsel's request for attorneys' fees and expenses, and no Settlement Class Member has objected to Lead Plaintiff's requested award.  The fact that there have been no objections demonstrates the fairness and reasonableness of the requested fee and expense awards. *See Packaged Ice*, 2011 WL 6209188, at *19 (noting that "[t]here were no objections to the fee request . . . that was disclosed in the Notice to settlement class members" in approving fee request).

As set forth in greater detail in Lead Counsel's opening brief in support of an award of fees and expenses, Lead Counsel's fee request of 30% of the Settlement Amount, which Lead Plaintiff supports, is well within the normal range of awards for similar class action litigations and is both fair and reasonable under the relevant factors.  ECF 62, PageID. 2281 - PageID. 2294.  The reaction of the Settlement Class following the Court-approved notice program reinforces that conclusion and further supports the requested $30,766.91 in expenses incurred by Lead Counsel in prosecuting this action and the requested award of $15,337.00 to Lead Plaintiff for time spent and expenses incurred in representing the Settlement Class.

## IV.   CONCLUSION

The $5 million Settlement, which was achieved after hard-fought litigation, represents a significant recovery for Settlement Class Members.  For the reasons set forth herein and in their prior submissions, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the Settlement and the Plan of Allocation as fair, reasonable and adequate, certify the Settlement Class for settlement purposes, and approve Lead Counsel's request for an award of attorneys' fees and expenses and the award sought by Lead Plaintiff pursuant to 15 U.S.C. §77z-1(a)(4).  Proposed orders are submitted herewith.

DATED:  May 7, 2024                            Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ


                                    */s/ Ellen Gusikoff Stewart*
                              ELLEN GUSIKOFF STEWART

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

- 4 -

4867-8324-1914.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHAD JOHNSON
JONATHAN ZWEIG
ANA AVALOS CUELLAR
420 Lexington Avenue, Suite 1832
New York, NY  10170
Telephone:  212/432-5100
chadj@rgrdlaw.com
jzweig@rgrdlaw.com
aavalos@rgrdlaw.com

Lead Counsel for Lead Plaintiff


VANOVERBEKE, MICHAUD &
  TIMMONY, P.C.
THOMAS C. MICHAUD (P42641)
FRANCIS E. JUDD (P68857)
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com
fjudd@vmtlaw.com

Local Counsel for Lead Plaintiff

- 5 -

4867-8324-1914.v1

<u>CERTIFICATE OF SERVICE</u>

I, Ellen Gusikoff Stewart, hereby certify that on May 7, 2024, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*/s/ Ellen Gusikoff Stewart*
ELLEN GUSIKOFF STEWART